J-S59014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINE V. SALES, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN R. SALES, SR., | |
| Appellant | No. 507 WDA 2015 |

Appeal from the Order Entered February 27, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): FD 10-08504-016

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 09, 2015**

Stephen R. Sales, Sr. ("Husband") appeals *pro se* from the order granting a motion for special relief filed by his former spouse, Christine Sales ("Wife"), during post-decree equitable distribution proceedings.  Husband challenges the trial court's grant of sole decision-making authority to Wife over all aspects of the sale of the former marital residence and the award of counsel fees in the amount of $250.00.  We affirm.

Husband and Wife married on April 28, 1989, and two children were born of the marriage.  We forego summarizing the tortuous procedural history of this case in its entirety.  It suffices to say that Wife filed a complaint in divorce against Husband on September 24, 2010, and since that date, Husband has inundated the trial court with a litany of motions for

---

*  Former Justice specially assigned to the Superior Court.

special relief, filed at least five appeals to this Court, three of which were quashed, and one premature petition for an allowance of appeal with our Supreme Court. We affirmed the divorce decree on November 6, 2014, and declined to upset the trial court's award of $2,000 in counsel fees to wife pursuant to 42 Pa.C.S. § 2503(7) relating to husband's dilatory, obdurate, and vexatious conduct. **Sales v. Sales**, 113 A.3d 342 (Pa.Super. 2014) (unpublished memorandum).

The instant dispute stems from unresolved economic claims.[1] The procedural history relevant to this appeal follows. On October 23, 2013, the trial court entered an order directing Husband to, *inter alia*, (1) refinance the debt associated with the marital residence that he received during equitable distribution so as to remove Wife from the mortgage obligation; and (2) execute a deed transferring to Wife title to rental property that she received as part of her share of the marital estate. Husband failed to comply with the October 23, 2013 order. Over one year after the order was entered, Husband still had not refinanced the former marital home. On November 21, 2014, the trial court granted Wife's request to enforce the October 23, 2013 order and assessed against Husband the counsel fees associated with Wife's enforcement efforts. After Husband's continued refusal to refinance

---

[1] The divorce decree states that the trial court "retains jurisdiction of any claims raised by the parties to the action for which a final order has not yet been issued." Divorce Decree, 12/31/13, at 1.

the marital home, Wife filed a second motion for special relief seeking enforcement of the October 23, 2013 order and requesting counsel fees associated with presenting that motion. On February 27, 2015, the trial court entered the order that is the genesis of this appeal. Specifically, the court order reads:

1. The former marital residence . . . shall be immediately listed for sale. Upon sale, [Husband] shall receive 100% of the net proceeds. In the event that there is negative equity and/or money owed incident to the sale, [Husband] shall be 100% responsible for the negative equity and/or money owed and shall make any necessary payments to cure the negative equity/ money owed immediately upon demand.

2. [Wife] shall have sole decision making authority for all aspects of the sale of the former marital residence, which shall non-exclusively include the chosen agent/broker and sales price.

3. [Husband] shall take no action to block, preclude and/or delay the sale of the former marital residence.

4. [Husband] shall assure the former marital residence and its surrounding property is in suitable condition for it to be listed for sale and shall assure the residence/property remains in suitable condition while on the market.

5. [Husband] shall immediately abide by all recommendations from the chosen agent/broker to facilitate the sale of the former marital residence.

6. [Husband] shall immediately on demand take any necessary action for the former marital residence to be listed for sale, such as signing sales contracts with the agent/broker, making any necessary repairs, etc.

7. [Husband] shall be solely responsible for any necessary repairs and/or maintenance costs associated with the list[ing] and/or sale of the former marital residence and shall

- 3 -

immediately assure any necessary repairs/maintenance are completed upon demand.

8.     [Husband] shall pay counsel fees to plaintiff in the amount of $250.00. Said fees shall be paid within thirty (30) days and made directly to plaintiff's counsel, Gregory F. Suher, Esquire.

Trial Court Order, 2/27/15, at 1-2.  This timely appeal followed.

Husband presents three issues for our review:

1) Was the February 27, 2015 order an abuse of discretion, by giving wife authority to sell marital residence?

2) Does Judge Walko abuse his authority by requiring husband to pay legal fees?

3) Did the trial court err in not awarding husband 60% of the $22,400.48?

Husband's brief at 2.

The following principles guide our review.

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy*, 888 A.2d 906, 908 (Pa.Super. 2005) (internal quotations omitted). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Hayward v. Hayward*, 868 A.2d 554, 559 (Pa.Super. 2005).

*Smith v. Smith*, 904 A.2d 15, 18 (Pa.Super. 2006).  In determining the propriety of an equitable distribution award, courts must consider the

distribution scheme as a whole. ***Morgante v. Morgante***, 119 A.3d 382, 387 (Pa.Super. 2015.).

At the outset, we observe that Husband's third issue, relating to the trial court's failure to award him credit for 60% of the $22,400.48 debt forgiveness Wife received, is waived because he failed to level this claim during the February 27, 2015 proceeding that is the genesis of this appeal. Pursuant to Pa.R.A.P. 302(a), "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Husband's instant complaint stems from the windfall Wife allegedly received when Household Finance Corporation II, the institution that held the mortgage to rental property that Wife received in her share of the marital estate, discharged $22,400.48 of the debt. Husband first referenced this assertion as a component of a "motion to reconsider enforce [sic] distribution of marital estate" that he filed with the trial court on December 19, 2014. The trial court denied that motion, and we quashed the ensuing appeal pursuant to ***Valentine v. Wroten***, 580 A.2d 757, 758 (Pa.Super. 1990) (an appeal will not lie from the denial of reconsideration). As Father did not attempt to revive his argument during the February 27, 2015 hearing on Wife's motion for special relief seeking enforcement of the trial court's October 2013 order, the trial court did not address it. Accordingly, consistent with Rule 302(a), we do not address the issue herein.

Next, we confront Husband's assertion that the trial court erred in granting Wife ultimate authority to supervise the sale of the marital home. Husband's argument has three unrelated but equally unconvincing prongs. First, he contends the trial court's directive to immediately list the residence for sale is moot because, as of the date of his brief, the property was listed for sale for $170,000. He reasons that, since this directive is now moot, the trial court's February 27, 2015 order should be terminated. Husband's simplistic argument overlooks the fact that the February order that Husband seeks to neutralize embraces six additional aspects of the anticipated sale other than simply placing the property on the real estate market. While Husband complied with the preliminary command to list the home for sale, there is no assertion, and certainly no evidence, that Husband intends to comply with the five remaining dictates regarding his cooperation with the sale process or alleviate the need for Wife to wield the ultimate authority for all aspects of the sale. This dearth of evidence is particularly salient in light of Husband's demonstrated obstructive tactics throughout the divorce proceedings.

The second aspect of Husband's argument against granting Wife unilateral authority over the sale of the former marital home is utterly inane. He attempts to invoke the deed certification requirement that the Allegheny County Department of Real Estate implemented on June 1, 2010. While Husband outlines what he purports are the highlights of the certification

process, he fails to explain how the certification requirement affects the trial court's February 27, 2015 order or Wife's ability to oversee the sale of the marital home. This assertion is meritless.

Husband's final argument challenging the trial court's decision to grant Wife ultimate authority over the real estate transaction is that the court could have crafted a less restrictive alternative to ensure his compliance with its prior orders. We disagree. Stated plainly, Husband's position discounts his persistent attempts to hinder the transfer of title to the marital property and to remove Wife from the mortgage. Husband repeatedly failed to comply with the trial court's instructions. He failed to refinance the mortgage or provide any evidence to justify his inaction. While Husband submits that he had difficulty refinancing the mortgage, he neglected to present any alternatives to the trial court that would achieve the court's goal of eliminating Wife's legal responsibility for the debt. Likewise, rather than proffering an alternative means to move this aspect of equitable distribution toward a resolution, he simply engaged in a protracted campaign of vexatious behavior. Hence, notwithstanding Husband's protestations to the contrary, we find the trial court's order granting Wife absolute authority over the sale of the former marital home is not tantamount to an abuse of discretion.

Finally, we consider Husband's challenge to the court's assessment of counsel fees. The trial court imposed counsel fees pursuant to 42 Pa.C.S. § 2503, which provides as follows:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S. § 2503(7).

The record in this case sustains the trial court's award of counsel fees. Husband has engaged in vexatious and dilatory behavior throughout the divorce proceedings generally, and specifically in reference to the court's October 23, 2013 order regarding the refinancing of the marital home. The trial court has either admonished or sanctioned Husband at nearly every stage of the divorce proceedings. As it relates specifically to Husband's obligation to refinance the marital home, the trial court not only previously admonished Husband for his inaction, but also warned him that he would be responsible for Wife's counsel fees in any subsequent enforcement actions. Notwithstanding these warnings, Husband willfully failed to comply with the trial court's orders. Thus, we conclude the trial court did not abuse its discretion in awarding Wife's counsel fees for $250 as a sanction for

requiring her to present serial petitions to enforce the October 23, 2013 order.

For all of the foregoing reasons, we affirm the trial court's February 27, 2015 order granting Wife unilateral authority over the sale of the former marital residence, and awarding her counsel fees totaling $250.00 pursuant to 42 Pa.C.S. § 2503(7).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2015