J-A01025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DARLENE M. CHIZMAR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RONALD L. CHIZMAR, | |
| Appellee | No. 1089 WDA 2016 |

Appeal from the Order Entered June 27, 2016
In the Court of Common Pleas of Crawford County
Civil Division at No(s): FD 2013-191S

BEFORE:  BOWES, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 22, 2017**

Appellant, Darlene M. Chizmar, appeals from the order entered on June 27, 2016, granting exceptions filed by Ronald L. Chizmar (Husband) to a master's recommendation regarding equitable distribution.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  The parties married in July 1998, have no children, and separated in April 2013.  Appellant filed a complaint in divorce on May 15, 2015.  The trial court appointed a master, who held a two-day hearing commencing on September 10, 2015 to determine, *inter alia*, equitable distribution, alimony, and alimony *pendente lite*.  Relative to this appeal, the parties provided testimony that during the marriage Appellant inherited a one-sixth interest in real property in Encinitas, California and a one-third interest in real property in Cardiff, California.  Appellant presented county assessments in

_____
*Retired Senior Judge assigned to the Superior Court.

support of her property estimations, showing the total value of the properties was $131,480.00 and $59,054.00, respectively. Husband offered residential housing listings, from the real estate website Zillow.com, showing comparable properties in the area. He estimated Appellant's properties were worth $950,000.00 and $600,000.00, respectively. The master filed a report and recommendation on February 4, 2016. On February 24, 2016, Husband filed timely exceptions to the report, objecting to: (1) the amount and duration of the alimony award, arguing that the master did not give proper consideration to Appellant's property ownership interests and potential for rental income; and (2) a $500.00 monthly award of alimony to be paid from his military retirement account without accounting for the tax consequences to Husband. By order and opinion entered on June 27, 2016,[1] the trial court granted Husband's exceptions and entered a divorce decree. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

    I.    Whether the trial court abused its discretion and/or committed an error of law in drastically reducing the term of [Appellant's] award of alimony, where

_____

[1] The trial court issued an amended decree on August 8, 2016.

[2] Appellant filed a notice of appeal on July 25, 2016. On July 26, 2016, the trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal. Appellant complied timely on August 1, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 8, 2016. In that opinion, the trial court relied on portions of its earlier opinion filed on June 27, 2016.

[Appellant] is permanently disabled, Husband is gainfully employed, there is a marked disparity in the parties['] income, the uncontroverted evidence is that [Appellant's] reasonable expenses exceed her monthly income even with the award of alimony, and where the court assumes values and disposition of [Appellant's] inherited property which require the court to assert factual assumptions and legal assumption[s] not of record and[,] in so doing, [to] fashion an award which will ultimately fail to meet [Appellant's] basic needs?

II. Whether the trial court abused its discretion and/or committed an error of law when refashioning and reducing the master's suggested award to [Appellant] of Husband's military retirement benefits based upon the trial court's errant belief that [Appellant] would receive the reduced payment going forward as a tax free gift, which is an impossibility under both the Internal Revenue Code and the Treasury regulations thereto, and/or was not appropriately set forth as any other type of award which [Appellant] could receive tax free?

Appellant's Brief at 11 (complete capitalization and suggested answers omitted).

In her first issue presented, Appellant argues, "the trial court abused its discretion in changing [the master's] award of alimony from indefinite, to two years[.]" *Id.* at 18-27. Appellant asserts she is permanently disabled and her expenses substantially outweigh her income. *Id.* at 23-24. Regarding her interest in the California properties, Appellant argues that the master properly determined "that an actual market value for the propert[ies] [were] not ascertainable and even if market value[s] [were] ascertainable that any future expectancy for [Appellant] was uncertain, given the joint

land holdings" and because Appellant "has no ability to buyout her co-tenants[.]" *Id.* at 15. In sum, Appellant argues:

> Despite recognizing the disparity in income, the various factors considered by the [m]aster, and the fact that the [m]aster could not find that there was an actual fair market value or any promise of realization relative to value of the California properties, the trial court rejected the recommended award of alimony. Instead, the court limited the alimony award of $1,500.00 per month, to two (2) years, despite [Appellant's] total and ongoing disability which arose during the marriage. While the trial court recognized that the purpose of alimony is to provide a receiving spouse with sufficient income to obtain the necessities of life, it seems to completely ignore that even with the award of alimony, [Appellant] does nothing more than almost meet her basic monthly needs. Despite having been disabled since three (3) years into the marriage, the trial court has no explanation as to how [Appellant] will pay for her reasonable needs after two (2) years and gives [Appellant] no recourse to have the [o]rder reviewed or modified. The trial court simply seems to proffer that [Appellant] will magically realize some type of monetary benefit from the properties in California, despite having no competent evidence, besides [Appellant's] testimony as to what the value of the property in its entirety may be. The trial court seems to ignore the fact that [Appellant] would be in an utterly impossible situation were she to file a partition action, in as much as one of the siblings and/or their co-owners to the property may off the highest bid, a relatively *de minimus* figure to buy [Appellant's] share at a judicial sale, with [Appellant] having the inability to outbid the co-owners, in as much as she does not even have enough income to meet her basic needs. The court also leaves it to our imagination to suppose that [Appellant] could possibly sell her one-sixth and/or one-third interest in the real property to a *bona fide* purchaser of value, but failed to take into account that residential property has little value to a bona fide purchaser of value in an arm's length transaction where the property is owned by joint family members who have no intent of allowing the property to be further marketed or used for some type of rental value.

- 4 -

[Appellant] received ownership in the real property during the marriage and for the many years after she received the property realized no value or profit from the same and it is an abuse of discretion for the court to cut short [Appellant's] award on the basis of some imaginary scheme where [Appellant] will profit from the aforesaid properties.

Relative to the California homes, it is acknowledged that [Husband] has attempted to make a compelling argument that the [] [m]aster should have found a different value or outcome relative to [Appellant's] one-third and one-sixth interest in property situate in California. Unfortunately for [H]usband, if [H]usband desired for the court to give those properties consideration with a firm set value it was imperative upon him to offer competent evidence supporting the same. While it is true that [H]usband attempted to proffer Exhibit B as some evidence to value, upon inspection of that exhibit it is noted that the values of the homes in the area as set forth by the online search through Zillow are homes listed for sale and do not list actual sale prices of those homes. Moreover, the Zillow print offs in Exhibit B specifically refer the user to 'get a professional estimate' through a 'premier agent,' thus indicating that the estimates set at Zillow are not by a professional and should not be relied upon. Moreover, there is no actual estimate as to either property in question. To the contrary, Exhibit B sets forth several actual estimated values as to the properties that were previously on the market, but are now noted as 'off market.' Husband's Exhibit B did not provide proof of sale of any home in the area in California where [W]ife holds partial interest. It is not a market analysis by a professional realtor, broker, or appraisal by a certified and/or licensed appraiser. Without a professional opinion of the value, [H]usband failed to support his burden, which he has attempted to assert thereafter. [The Superior Court] has made clear that any party may give an opinion as to the value of assets in which they as the party have **ownership** interest because of the presumption of special knowledge derived from ownership. [Appellant] is a title owner. [Appellant] gave an opinion of value. Husband is not a title owner of either property and is not deemed competent under the [relevant] law [] to provide an opinion of value. Moreover, [H]usband admitted

> on cross-examination that he has no specialized experience
> or credentials to provide a value of an opinion.

*Id.* at 25-26 (emphasis in original).

Our standard of review regarding questions pertaining to the award of alimony is

> whether the trial court abused its discretion. We previously have explained that the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.
>
> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

*Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004) (internal citations, quotations, brackets, and original emphasis omitted); *see also* 23 Pa.C.S.A. § 3701. Pennsylvania law provides for indefinite, also referred to as permanent, alimony where the marriage was lengthy and the statutory factors warranting it have been met. *See id.* "The Divorce Code does not specify a particular method of valuing assets. The trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices,

and appraisals submitted by **both parties**." ***Smith v. Smith***, 904 A.2d 15, 21–22 (Pa. Super. 2006) (emphasis added). An alimony award "is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made." 23 Pa.C.S.A. § 3701(e).

In this case, the trial court determined that Husband's three years of prior alimony payments enabled Appellant to maintain the status quo, but the master's recommendation of permanent alimony "would simply continue the current arrangement indefinitely, without [Appellant] ever having to draw upon such available resources as her ownership interest in the California properties – one of which she even now apparently has the right to occupy." Trial Court Opinion, 6/27/2016, at 5. While the master found that Appellant "need[ed] to put together a plan to address the assets in California as well as to address her budget shortfall[,]" the trial court determined that "by awarding alimony indefinitely, [the master] gave [Appellant] no incentive to do so." ***Id.*** at 4. The trial court further noted that Appellant "as the party requesting alimony, would appear to have the burden of proving its necessity by establishing that her resources – including the California properties – were inadequate for her support." ***Id.*** at 4 n.6.

Upon review, we discern no abuse of discretion or error of law. The trial court carefully considered the numerous factors to determine alimony and properly determined the master improperly gave little to no weight to

the California properties in making his recommendation and report. In fact, the master rejected both parties' valuations of the properties. Thereafter, the trial court did not adopt either party's valuation of the properties. We conclude, however, that the trial court was allowed to consider that the California properties had **some** value. Furthermore, we reject Appellant's suggestion that only her evidence regarding the value of the properties required the lower tribunals' consideration. The trial court was permitted to consider the evidence of the estimated value of the properties as presented by both parties. While Appellant argues that her partial ownership interest reduces her ability to control the sale of the property, or to rent the property for income, as an owner those properties have value to her, which the master did not properly consider. Finally, an alimony award is always subject to modification upon changed circumstances under Section 3701(e). Hence, we conclude that Appellant is not entitled to relief on her first claim.

Next, Appellant argues the trial court abused its discretion or committed an error of law by reducing the master's recommended award of $500.00 per month from Husband's military retirement account to $400.00 per month to account for tax consequences to the parties. Appellant's Brief at 27-29. Appellant admits "the [m]aster did not take into consideration that in as much as the parties were married for less than ten (10) years of [H]usband's military service, that [H]usband would need to directly deduct the $500.00 from his monthly pay, pay taxes on the same, and forward the same to [Appellant], for which she would then need to pay taxes." *Id.* at

27. She argues that "[a]n award of non-modifiable alimony would have appropriately addressed not only the payment of tax, but also [Appellant's] tax liability" but, "[i]nstead, the [trial] court arbitrarily reduced [Appellant's] award to $400.00 averring that the same is 'a gift' and thus ' tax-free' to [Appellant]." *Id.* at 28.

Here, there is no dispute that the master failed to consider the tax consequences of Appellant's receipt of a portion of Husband's military retirement benefits. Moreover, the trial court recognized that "no one [] anticipated at or prior to the hearing that payments could not be made directly to [Appellant] from the Secretary of Defense." Trial Court Opinion, 6/27/2016, at 7. This aspect of the claim is, likewise, not in dispute. The trial court "rejected [Appellant's] proposal that the suggested $500[.00] (actually $467.41) be allocated as 'non-modifiable alimony,' because the payments were in distribution of marital property and thus [does] not meet the definition of alimony." Trial Court Opinion, 8/8/2016, at 2, *citing* 26 U.S.C.A. §§ 71, 215(b), 23 Pa.C.S.A. § 3701. The trial court determined that because payments out of Husband's pension qualified as a distribution of marital property subject to equitable distribution, as opposed to alimony, "[t]he basic tax ramifications" were "fundamentally a matter of tax law and mathematical calculation" which did not require additional testimony or evidence. Trial Court Opinion, 6/27/2016, at 7. By reducing the master's award to Appellant to $400.00, the trial court accepted Husband's proposal that he "would pay all income taxes, without a corresponding tax deduction

(to which he would be entitled if the payment were characterized as alimony), and [Appellant will] receive, as a gift, the $400[.00] tax-free." *Id.*

The trial court later clarified its decision in its Rule 1925(a) opinion. Therein, it noted that payments from Husband's military pension account qualified as an interest in the marital estate, not alimony. Trial Court Opinion, 8/8/2016, at 2. The trial court recognized, and there is no dispute, that the master "neglected to adjust for [a] reduction in the pension amount resulting from the ordered election [that Appellant retain] the survivor benefit." *Id.* When the trial court accounted for this error and recomputed the amount due, it determined that Appellant was entitled to $467.41 per month from Husband's retirement account. *Id.* However, the trial court also realized that "[h]ad the pension been subject to a qualified domestic relations order" as part of equitable distribution, Appellant "would have paid the tax on [her] portion of the pension distributed to her." *Id.* Thus, in reducing Appellant's monthly award to $400.00, the trial court concluded restructuring the payments was *de minimus*, resulting in a total monthly reduction of $67.41. *Id.* at 4. The trial court further clarified, "Husband will not incur gift tax liability of the $400[.00] transfers, nor will Wife incur an income tax liability." *Id.* at 3. In its amended decree, the trial court specified that payments to Appellant from Husband's retirement account did not qualify Husband for a deduction from his gross income nor was the amount to be included in Appellant's gross income. Amended Decree, 8/8/2016, at n.1, ¶ 10.

Upon review, we discern no abuse of discretion or error of law. Appellant concedes that the master's recommendation and report neglected to consider the tax ramifications of Appellant's receipt of a portion of Husband's monthly military pension. The trial court did not order the $400.00 monthly payments as a gift as Appellant suggests. Instead, the trial court reduced the amount to Appellant, to account for income tax to be paid by Husband, noting that Appellant would then receive the benefit tax-free. We agree. The trial court provided an equitable solution to the master's failure to account for taxes. Appellant does not challenge the mathematical calculation of the award. For all of the foregoing reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017