J-A11025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRISTINA CLARK-CUADRADO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEIGHTON RICE | : | No. 1672 MDA 2018 |

Appeal from the Order Entered September 27, 2018
In the Court of Common Pleas of Adams County Civil Division at No(s):
2015-S-767

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 07, 2019**

Appellant, Cristina Clark-Cuadrado (Wife), appeals *pro se* an equitable distribution order entered on September 13, 2018, as made final by the entry of a decree granting her divorce from Leighton Rice (Husband) on September 27, 2018.  For the reasons that follow, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  Husband and Wife married on June 26, 2011 in Adams County, Pennsylvania.  Thereafter, Wife filed a complaint in divorce on June 26, 2015.

In August 2017, Husband requested the appointment of a divorce master to decide claims pertaining to the parties' divorce and equitable distribution of their marital property.  A divorce master was appointed and a hearing was held on February 12, 2018.  The master issued his report and recommendation on April 19, 2018.

Both parties filed exceptions to the master's report and recommendation. The trial court then directed the parties to file briefs in support of their respective exceptions and permitted responses to the opposing submissions. On August 13, 2018, the court convened oral argument on the cross-exceptions. The court issued an opinion and order disposing of the parties' exceptions on September 13, 2018. Wife appealed, raising seven claims.[1]

The following principles govern our review of Wife's challenge to the trial court equitable distribution award.

> A trial court has broad discretion when fashioning an award of equitable distribution. **Dalrymple v. Kilishek**, 920 A.2d 1275, 1280 (Pa. Super. 2007). Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is "whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." **Smith v. Smith**, 904 A.2d 15, 19 (Pa. Super. 2006) (citation omitted). We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. **Id**. This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." **Wang v. Feng**, 888 A.2d 882, 887 (Pa. Super. 2005). In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. **Id**. "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." **Schenk v. Schenk**, 880 A.2d 633, 639 (Pa. Super. 2005) (citation omitted).

---

[1] Since Wife's brief to this Court omitted a statement of the questions involved, we have elected to forgo listing her issues and have instead simply identified and addressed Wife's claims in the order they are raised in her submission.

> ***Biese v. Biese***, 979 A.2d 892, 895 (Pa. Super. 2009). Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. ***Sternlicht v. Sternlicht***, 822 A.2d 732, 742 (Pa. Super. 2003), *aff'd*, 876 A.2d 904 (Pa. 2005). We are also aware that "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." ***Moran v. Moran***, 839 A.2d 1091, 1095 (Pa. Super. 2003), *citing* ***Simeone v. Simeone***, 551 A.2d 219, 225 (Pa. Super. 1988), *aff'd*, 581 A.2d 162 (Pa. 1990).

***Childress v. Bogosian***, 12 A.3d 448, 455-456 (Pa. Super. 2011) (internal indentations omitted).

In her first claim, Wife asserts that the trial court erred by including the sum of $2,797.00 (one-half the value of the parties' joint checking account) as an amount payable to Wife in the distribution scheme. Wife complains that because the parties jointly expended their checking account funds following their separation and the account no longer exists, "any funds once in the account can no longer be awarded to Wife[.]" Wife's Brief at 2 (unpaginated).

The trial court rejected this claim, explaining:

> Wife apparently misunderstands that she is still entitled to this sum from Husband, regardless of whether the funds are still in the parties' joint marital checking account. Husband has been directed to pay this amount to Wife, along with other sums in the overall distribution scheme, and he must satisfy this obligation. Wife's argument with respect to distribution of this asset is therefore without merit.

Trial Court Opinion, 11/13/18, at 2.

The trial court correctly denied relief on this claim. There is no allegation that the court failed to follow proper procedures, misapplied the law, or otherwise abused its discretion in distributing assets from the parties' joint checking account. Wife's claim, leveled without support, is simply baseless. In the absence of grounds for finding an abuse of discretion, we reject Wife's opening claim for the reasons set forth by the trial court.

In her second claim, Wife alleges there is a mathematical error in the trial court's allocation of the value of a diamond ring. Because of the error, Wife claims that the court deducted the value of the ring from Wife's share of the distribution, contrary to the court's stated intention. This claim, too, is baseless.

> The trial court reasoned as follows in rejecting Wife's second claim.

> This ring originally belonged to Husband's late [m]other, therefore Husband requested it be returned to him. Wife also wanted to keep the ring. To resolve the matter, the distribution scheme allows Husband to keep the ring, but Husband must pay Wife for the value of the ring, which the Master determined to be $700[.00]. The final item in the adjusted distribution scheme listed on page [two] of the [trial court's distribution order] clearly states that Husband is to pay Wife for the "value of the ring." The value of the ring ($700[.00]) is clearly added to, and not subtracted from, the amount Husband must pay to Wife. Wife's argument on this point is without merit.

Trial Court Opinion, 11/13/18, at 2.

Our review of the of the trial court's equitable distribution order confirms the accuracy of the court's assessment. Hence, Wife's second claim merits no relief.

In her third claim, Wife contends that the trial court erred in finding that the Master abused his discretion in refusing to award credit to Husband for using his pre-marital assets to satisfy a mortgage on Wife's pre-marital residence. Wife complains that the trial court's findings are contrary to the testimony and evidence adduced before the Master. In particular, Wife points out that the property generated a positive cash flow prior to the marriage and that her mortgage would have been paid off without Husband's cash injection. Wife also maintains that the court overlooked the benefit Husband received when Wife shared rental proceeds with him after he satisfied the mortgage. Wife concludes that the court wrongly credited Husband's testimony that he needed to use his pre-marital assets to sustain himself after the parties separated since it was Husband's choice to remain in the marital residence, which Wife characterized as oversized and too expensive for a single income earner. *See* Wife's Brief at 7 (unpaginated).

The trial court offered the following explanation for its decision to award Husband credit for satisfying the mortgage on Wife's pre-marital property.

> With Wife's pre-marital mortgage satisfied, the parties enjoyed the benefit of rental payment income from her property during the pendency of the marriage, until Wife resumed living there when the parties separated. Wife now owns 100% equity in her home due to Husband's contribution from his pre-marital assets. Ultimately, the payment of this debt inured solely to Wife's benefit and placed her in a more secure financial position post-separation. The parties, who are both in their thirties, have remained gainfully employed throughout the marriage and post-separation (except for a brief two[-]month period of unemployment for Wife just after the separation). Husband testified that he needed to use his pre-marital savings to sustain himself post-separation, which was

- 5 -

unnecessary during the marriage. Accordingly, the [c]ourt finds that the Master abused his discretion in failing to give Husband credit for using his pre-marital funds to pay off Wife's pre-marital mortgage, which enables Wife to own and enjoy 100% equity ownership in her home, free from any encumbrances. Therefore, [Husband's] exception is granted. Husband shall be given credit for his contribution in the amount of $26,250.00, which shall be deducted from the overall amount he must pay to Wife.

Trial Court Opinion, 11/13/18, at 2-3 (incorporating prior opinion).

We discern no grounds for granting relief on Wife's third claim. The records supports trial court's findings and its conclusions are consistent with the objective of achieving economic justice between the parties. Wife essentially asks to re-assess the facts placed before the court, which we are not inclined to do. For each of these reasons, Wife's third claim fails.

In her fourth claim, Wife argues that the court erred in awarding Husband $3,281.10 for withdrawals made by Wife from a joint marital account. In reviewing this claim, the court discovered that it actually added the disputed sum to Wife's award. Since Husband did not object to the court's error, the court found this issue to be moot. Our own review confirms the court's assessment. Hence, no relief is due on this claim.

Wife's fifth claim asserts that the court erred or abused its discretion in failing to award Wife a portion of Husband's alleged passive income derived from Husband's pre-marital investment accounts. Wife claims that Husband owes her approximately $43,200.00, which equals 60% of Husband's alleged $72,000.00 investment income. The trial court rejected this claim, concluding that, in developing her position, Wife relied exclusively on an email exchange

between the parties that occurred shortly after their separation commenced and that Pennsylvania law precluded reliance on offers to compromise claims. *See* Trial Court Opinion, 11/13/18, at 4, *citing* Pa.R.E. 408 (Compromise Offers and Negotiations). We concur in this conclusion and, accordingly, reject Wife's fifth claim for relief.

Wife's sixth claim asserts that the trial court wrongly refused to award her $2,160.00 in "moving expenses" in relocating from the marital residence. The trial court offered the following explanation for its decision.

> During the Master's hearing Wife testified regarding various [post-separation] home furnishing purchases she made when she moved back into her pre-marital residence. Wife also testified that she paid to replace carpeting in her pre-marital residence due to damage from a prior tenant's pet. Wife also testified that she wanted to be reimbursed for money spent on appliances for the marital residence. Wife provided her credit card statements with some of these purchases listed on them at the Master's hearing. Wife chose to vacate the marital home, she was not evicted. The amount Wife spent to furnish her pre-marital home was at her own discretion. The damage done by a tenant's pet, which necessitated the replacement of the carpeting[,] is the responsibility of the tenant, not Husband. Furthermore, the amended distribution scheme awards Wife certain furnishings and personal property that she requested. The Master therefore did not abuse his discretion to deny awarding those costs to Wife.

Trial Court Opinion, 11/13/18, at 5-6 (record citations omitted).

We discern no basis for finding an error or abuse of discretion in the trial court's determination. Hence, we conclude that Wife's sixth claim is without merit.

In her final claim, Wife asserts that the court erred in calculating the value of the parties' Toyota Sienna.[2] The court found that Wife waived this claim since she did not file exceptions to the Master's report and the court did not amend the value of the vehicle or change the distribution scheme with respect to the vehicle. **See** Trial Court Opinion, 11/13/18, at 6, *citing* Pa.R.C.P. 1920.55 and **Benson v. Benson**, 515 A.2d 917 (Pa. Super. 1986). We agree with the trial court's ruling and Wife cites no grounds to overcome waiver. Accordingly, no relief is due on Wife's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2019

---

[2] The court based its valuation of the parties' vehicle on a finding by the Master.