J-A11005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTIAN ZIMMERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL ZIMMERMAN | : | No. 1628 MDA 2019 |

Appeal from the Order Entered September 4, 2019
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-FC-001196-15

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 18, 2020**

Christian Zimmerman ("Husband") appeals from the order entered in the York County Court of Common Pleas, modifying the amount of alimony owed to Cheryl Zimmerman ("Wife"). After careful review, we affirm.

Husband and Wife were married in 1986. Then, in 2013, Husband filed for divorce from Wife. A Master was appointed to resolve all economic claims including alimony and equitable distribution. Shortly thereafter, the parties filed a stipulation regarding equitable distribution and agreed the Master would focus primarily on the issue of alimony. Ultimately, the Master awarded Wife $790.77 per month in alimony.

Husband and Wife filed timely exceptions to the master's report. After oral arguments, the trial court entered a divorce decree granting in part, and

_____

[*] Former Justice specially assigned to the Superior Court.

dismissing in part, the parties' exceptions. The court amended the alimony award to $1,833.80 per month. Husband appealed the trial court's order.

While the appeal was pending, the trial court requested this Court remand the matter because it erred in its calculation. The matter was remanded to the trial court for further proceedings. The court then issued supplemental findings of fact, and an amended order, which reduced Husband's alimony payment to $1,800.00 per month, but affirmed all other aspects of its previous order.

This Court addressed Husband's appeal. Upon review, the panel found that the trial court miscalculated the amount of alimony Husband owed wife, mainly due to an inaccuracy in Wife's monthly net income. As such, the panel vacated the alimony award and remanded the matter to the trial court, but affirmed the divorce decree. *See Zimmerman v. Zimmerman*, 450 MDA 2018 (Pa. Super. filed July 16, 2019) (unpublished memorandum) (*Zimmerman I*).

On remand, the trial court recalculated the alimony award based on changes made in Wife's net income and Husband's ability to deduct alimony from his federal taxes. Accordingly, the court ordered the new alimony amount to be $1,609.00 per month if Husband is able to deduct the alimony from his personal tax return. Alternatively, the court stated that, if Husband is unable to do so, then the award is $1,287.00 per month. This timely appeal followed.

Husband raises two issues for our review.[1] The first issue is whether the trial court erred by utilizing the support guideline calculation to recalculate the amount of alimony owed to Wife. *See* Appellant's Brief, at 4. His second issue is whether the trial court erred by failing to deduct the $470.00 a month increase in Wife's net income from the alimony award. *See id*.

As an initial matter, we note that Husband's brief once again fails to conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. As in the previous appeal, his argument is not divided into as many parts as there are issues to be argued. *See Zimmerman I*, at 5 n.4; *see also* Pa.R.A.P. 2119(a). We could find Husband's issues waived based on his failure to properly raise and develop them. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006). However, as in *Zimmerman I*, we conclude Husband's non-compliance does not substantially hamper our review of his first issue. We therefore proceed to consider that argument.

In reviewing an alimony order, we must determine whether there has been an error of law or an abuse of discretion by the trial court. *See Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006). Absent an abuse of discretion

---

[1] In his statement of matters complained of on appeal, Husband raised three issues for our review. However, he now claims one of his issues is no longer germane to this appeal because it was remedied by the trial court's 1925 (a) opinion. Therefore, Husband now wishes this Court to consider only two of his three issues on appeal. *See* Appellant's Brief, at 4.

or insufficient evidence to sustain the award, this Court will not interfere with the trial court's broad discretion. *See id*.

Husband first argues that the trial court on remand applied an incorrect standard in recalculating the amount of alimony. He claims that the court erred by utilizing the support guidelines to determine the appropriate amount of alimony that Husband owed Wife. *See* Appellant's Brief, at 11. Husband asserts that the court was required to engage in a full-blown analysis under 23 Pa.C.S.A. § 3701(b). *See id*., at 14.

In addressing the new alimony award, the court stated that it relied exclusively on the Rules of Civil Procedure governing support actions. *See* Trial Court Opinion, 11/14/19, at 4. Having previously analyzed the factors in 23 Pa.C.S.A. § 3701(b), the court stated there was no need to reanalyze the factors again, as there was no objection to its original analysis. *See id*. As such, the court found that the guidelines for support actions was the appropriate standard for calculating the amount of alimony on remand. *See id*.

Under these specific circumstances, we can discern no abuse of the court's discretion. While the support guidelines do not explicitly apply to alimony determinations, neither are they explicitly excluded from consideration in setting alimony. Therefore, we cannot conclude that the court erred in considering them. *See Zimmerman I*, at 7-9 (concluding that the trial court's use of the support guidelines alone was error, but use of the

guidelines in the context of the seventeen required considerations under section 3701 was not an abuse of discretion).

Further, it is undisputed that the trial court, when it reviewed the entirety of the factors outlined in section 3701(b), concluded that a monthly payment of $1,800 from Husband to Wife effectuated economic justice between the parties. This Court found that the trial court had erred in calculating Wife's monthly income and remanded to the trial court for recalculation.

Admittedly, the trial court once again mechanically applied the support guidelines after properly calculating Wife's monthly income. While this analysis is technically flawed for the same reason the court's first calculation was flawed, we need not remand under the specific circumstances of this case.

As noted, the trial court previously found a monthly payment of $1,800 to Wife was appropriate under section 3701(b). After the **Zimmerman I** remand, the court recalculated the monthly payment to be $1,287.[2]

---

[2] The trial court provided a dual calculation depending on whether Husband would be allowed to deduct the alimony payments from his federal taxes. We do not conclusively rule on the federal tax issue as our analysis applies to either calculation, but note that under the Tax Cuts and Jobs Act of 2017 ("TCJA"), alimony paid is no longer deductible if the divorce decree was (1) executed after December 31, 2018 or (2) executed on or before such date and modified thereafter. **See** Tax Cuts and Jobs Act of 2017, P.L. 115-97, Dec. 22, 2017, § 11051. Any modification to alimony awards must expressly provide that this section applies to such modification. **See id**.

Under these specific circumstances, we conclude that Husband cannot establish that the trial court's alimony award would have been different if it had engaged in a full analysis under section 3701(b) after remand. When the court previously performed a full 3701(b) analysis, it found an $1,800 per month payment did not unfairly burden Husband. We cannot conceive that the court would find the current $1,287 per month payment does unfairly burden Husband. As a result, we conclude Husband has not established a right to relief on appeal. *See*, *e.g.*, *Grove v. Port Auth. of Allegheny County*, 218 A.3d 877, 888 (Pa. 2019).

In his second issue, Husband asserts that the trial court erred because it failed to deduct the $470 a month increase in Wife's net income from the alimony award. Husband's argument on this issue consists of a single paragraph commingled with his other argument. This paragraph contains no citation to authority and does not develop his contention that the alimony award, already reduced to $1287 (under the assumption that Husband cannot deduct the alimony from his federal taxes), should be further reduced by $470 a month to $809 per month.

---

Here, the parties' April 3, 2018 divorce decree does not fall into the TCJA's first category. However, since the alimony award was modified on September 4, 2019, the second category of the TCJA applies to the divorce decree. Therefore, it appears that Husband will be unable to deduct his alimony from his federal taxes. For readability, our memorandum will explicitly proceed under this assumption, even though it does not affect our analysis.

We cannot discern the legal basis for Husband's argument from this paragraph. As a result, we conclude Husband has waived it.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2020