Dianna L. SMITH, Appellant

v.

Richard L. SMITH, Appellee

Dianna L. Smith, Appellee

v.

Richard L. Smith, Appellant

Superior Court of Pennsylvania.

Argued April 18, 2006.

Filed July 14, 2006.

William J. Leonard, Greensburg, for Diane L. Smith.

William C. Stillwagon, Greensburg, for Richard L. Smith.

BEFORE: DEL SOLE, P.J.E., ORIE MELVIN and TAMILIA, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 In this consolidated appeal, Dianna L. Smith (Wife) and Richard L. Smith (Husband) both appeal from the order entered June 30, 2005, which granted the parties' divorce, equitably divided the marital property 55/45 and awarded Wife permanent alimony. In her appeal, Wife contends the trial court abused its discretion

in choosing the date of distribution in determining the value of Husband's business, the amount of alimony, and in denying her counsel fees. In Husband's appeal, he challenges the valuation of his business. We affirm in part, reverse in part, and remand for further proceedings.

¶ 2 The facts and procedural history of this appeal may be summarized as follows. Husband and Wife were married on August 7, 1965 and separated on or about October 16, 2000. Wife filed for divorce and sought equitable distribution, alimony and counsel fees. The parties have three adult children. Husband is 60 years old and has owned and operated a trucking business since 1969. Wife is 62 years old and only finished the tenth grade. Her primary work history consisted of handling the accounting work for Husband's trucking business. After the separation Wife worked part-time as a cashier at K–Mart earning $6.50/hr. Wife's employment ceased as a result of injuries she received in an automobile accident on December 19, 2001.

¶ 3 Hearings were held before a Master on January 14, 28, 30 and February 6, 2004. The Master's report was filed on March 30, 2004, and both parties filed exceptions. On July 26, 2004, the trial court entered an order granting both parties' exceptions and subsequently scheduled the matter for a hearing before the trial court. The entire Master's Record was reviewed and considered by the trial court, and a "supplemental" trial was held before the Honorable Carol Hanna of the Court of Common Pleas of Indiana County on March 9, 2005 and March 10, 2005. Prior to trial the court directed the parties to prepare Business Valuations for both the date of separation and the date of distribution. With agreement of counsel the court decided that the distribution date would be June 30, 2004. On June 30, 2005,

the trial court entered an Opinion and Order of Court granting the parties' divorce, equitably dividing the property and awarding Wife $1,000/month in alimony until she becomes eligible to draw upon Husband's social security. Husband filed a Motion for Reconsideration, which was denied. These timely appeals followed and were consolidated *sua sponte*.

¶ 4 Our role in reviewing equitable distribution awards is well-settled.

Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*McCoy v. McCoy*, 888 A.2d 906, 908 (Pa.Super.2005) (internal quotations omitted). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Hayward v. Hayward*, 868 A.2d 554, 559 (Pa.Super.2005).

¶ 5 Wife first submits that since the family business is controlled by Husband, any date of valuation other than the date of separation is improper under the holdings in the cases of *Benson v. Benson*, 425 Pa.Super. 215, 624 A.2d 644 (1993) and *McNaughton v. McNaughton*, 412 Pa.Super. 409, 603 A.2d 646 (1992). We disagree.

¶ 6 In determining the value of marital assets, a court must choose a date of valuation which best works economic justice between the parties. *McNaughton, supra* at 649. The same date need not be used for all assets. *Id.* Since a business' value may be subject to great fluctuation,

the date selected is generally close to the date of distribution, rather than the date of separation. *Sutliff v. Sutliff*, 518 Pa. 378, 543 A.2d 534 (1988). Despite *Sutliff's* stated preference for the date of distribution,

> there are limited circumstances where it is more appropriate to value marital assets as of the date of separation. *Litmans* [*v. Litmans*, 449 Pa.Super. 209, 673 A.2d 382 (1996) ]. However, those circumstances are confined to situations where one spouse consumes or disposes of marital assets or there are other conditions that make current valuation difficult. *See Benson*, [*supra* ] [ ] ( [holding] closely held family business properly valued as of separation date; value of business, which was under husband's control, would be difficult to value after separation because husband could influence value of business); *McNaughton*, [supra] [ ] (same).

*Nagle v. Nagle*, 799 A.2d 812, 820–21 (Pa.Super.2002). "We will only reverse the decision of the lower court in regard to the setting of the date for the valuation of the marital assets on the basis of an abuse of discretion." *McNaughton, supra* at 649 (citing *Miller v. Miller*, 395 Pa.Super. 255, 577 A.2d 205 (1990)).

¶ 7 In *Benson*, the trial court deviated from the general rule that assets should be valued as of the date of distribution because the business was largely under the control of husband to the exclusion of wife, and husband had great influence and control over the business assets. On appeal to this Court, we reversed and ordered valuation of the property closer to the time of distribution. *Benson v. Benson*, 405 Pa.Super. 621, 581 A.2d 967 (1990) (unpublished memorandum)(*Benson I* ). On remand, the trial court reinstated its original order in defiance of our remand order, relying instead on the subsequent decision by this Court in *McNaughton*. On subse-quent appeal to this Court, we affirmed the reinstatement of the original order because the parties failed to comply with the trial court's order to submit current valuations for the business. Thus, the trial court was not in a position where it could comply with our remand order.

¶ 8 Instantly, we have no such problem; the business clearly was capable of being valued as of the date of distribution, thus there was no need for that preference to be disregarded. As the trial court explained:

> After closely reading *Sutliff*, it is apparent that the justifications that the [S]upreme [C]ourt had for setting the date of valuation at the date of distribution are analogous to the present case. First, there has been a significant passage of time between the parties' separation and the stipulated date of distribution. Furthermore, the volatility of the assets involved is great. Specifically, the trucks used in the rental business depreciate each day as they are used continuously to haul loads for the business. To accurately determine the true value of these assets, the date of distribution will be used.
>
> The [c]ourt is aware that there are limited circumstances that dictate the date of separation to be used. One such instance is where the assets are consumed or disposed of because of the exclusive control by one party. In the present case, Wife contends that Husband has either dissipated or diverted business from D & D Truck Lines to his paramour's trucking company, HMS Trucking. The [c]ourt does not find that the record supports this conclusion. Testimony and evidence presented shows that the husband's paramour is the sole owner of HMS Trucking and that the two businesses are separate entities, albeit performing similar ser-

vices. While it is clear to the [c]ourt that Husband has guided his paramour in the startup and operation of her trucking business, the [c]ourt is not convinced that Husband influenced, impeded, or dissipated the marital business to affect its value during the pendency of the parties' divorce. Since D & D Trucking is clearly capable of being valued as of the date of distribution, there is no need for that preference to be disregarded.

Trial Court Order and Opinion, 6/30/05, at 6–7. Accordingly, we find that the trial court had legitimate reasons for preferring the date of distribution as the date which best works economic justice between the parties and find no abuse of discretion.

¶ 9 Wife next contends that the trial court failed to acknowledge or factor in Husband's income he was receiving from his paramour's trucking business in determining the amount of her alimony award. Additionally, she argues that the trial court erred when it failed to consider the tax implications of the equitable distribution and alimony awards when determining her reasonable needs and the amount of alimony to be paid.

¶ 10 Our standard of review in this regard is well settled.

The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

Willoughby v. Willoughby, 862 A.2d 654, 656 (Pa.Super.2004) (citations and quotation marks omitted). "We have previously explained that the purpose of alimony is to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." Teodorski v. Teodorski, 857 A.2d 194, 200 (Pa.Super.2004) (citation omitted). "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." Id. The Divorce Code dictates that "[i]n determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701, Alimony, (b) Relevant Factors (1)-(17)." Isralsky v. Isralsky, 824 A.2d 1178, 1188 (Pa.Super.2003) (quoting Plitka v. Plitka, 714 A.2d 1067, 1069 (Pa.Super.1998)).

¶ 11 Wife's first contention is meritless as the trial court did not find any credible evidence to support her allegations concerning the diversion of income from Husband's business to his paramour's business. While Wife draws certain inferences and conclusions from the conflicting evidence presented, the trial court is not obligated to draw those same inferences and conclusions. The finder of fact is entitled to weigh the evidence presented and assess its credibility. Williamson v. Williamson, 402 Pa.Super. 276, 586 A.2d 967, 972 (1991). "The fact finder is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." Fonzi v. Fonzi, 430 Pa.Super. 95, 633 A.2d 634, 637 (1993).

¶ 12 Turning to Wife's argument with regard to the failure to consider the tax implications of the awards, she submits that the trial court erred by failing to consider that she would owe state, federal and local income taxes on the interest income from the distribution as well as the alimony award. Therefore, she claims the

award of only $1,000.00 per month would be insufficient to meet her reasonable needs. From our review of the record and the trial court's opinion, we are constrained to agree that the alimony award may not stand.

¶ 13 Although the trial court was well aware of the relevant factors and indicated that it made a thorough review of same, the court only makes specific reference to eleven of the seventeen factors, citing to 23 Pa.C.S.A. § 3701(b)(1–3),(5),(6),(8),(12–14),(16),(17), as being relevant to its decision. Clearly, subsection (15), requiring consideration of the "Federal, State and local tax ramifications of the alimony award," was also a relevant factor in this case. Further, we have no indication from the record before us that it was considered in determining the amount necessary to meet Wife's reasonable needs. Accordingly, we vacate that portion of the order awarding alimony and remand with direction that the trial court consider the tax ramifications and make any necessary adjustment in the award.

 ¶ 14 Finally, Wife argues that under the rationale in *Evans v. Evans*, 754 A.2d 26 (Pa.Super.2000), the trial court erred or abused its discretion when it did not make some adjustment/award to her for counsel fees, at a minimum for the time spent by Wife's counsel to document Husband's financial misdealing.

On review, we examine whether the court below abused its discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial [dis]advantage; the parties must be 'on par' with one another. Moreover, counsel fees are awarded only upon a showing of need.

*Brody v. Brody*, 758 A.2d 1274, 1281 (Pa.Super.2000), *appeal denied*, 567 Pa. 720, 786 A.2d 984 (2001) (citations and quotation marks omitted). "Counsel fees are awarded based on the facts of each case after a review of all the relevant factors." *Perlberger v. Perlberger*, 426 Pa.Super. 245, 626 A.2d 1186, 1207 (1993), *appeal denied*, 536 Pa. 628, 637 A.2d 289 (1993). "These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution." *Id.*

¶ 15 Wife cites to *Evans* as a factually analogous case where the trial court awarded counsel fees to wife as a penalty against husband and as compensation for the extraordinary efforts necessary in order to document husband's financial misdealing. Wife's brief at 38–39. There are two problems with Wife's argument. First, *Evans* is an unpublished memorandum decision, which has no precedential value. Second, and more importantly, her argument is premised upon a finding that Husband engaged in some sort of collusion with his paramour to diminish the value of his trucking business. As previously discussed, the trial court never made such a finding and specifically rejected this contention. *See* Trial Court Opinion, 6/30/05, at 7 *supra* (stating "The [c]ourt does not find that the record supports this conclusion."). In light of the trial court's finding and our standard of review, we find the trial court properly exercised its discretion in declining to award counsel fees.

 ¶ 16 Turning to Husband's appeal, he challenges the trial court's acceptance of Wife's valuation of D & D Truck Lines, Inc. The Divorce Code does not specify a particular method of valuing assets. The trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals

submitted by both parties. *Smith v. Smith*, 439 Pa.Super. 283, 653 A.2d 1259, 1265 (1995), *appeal denied*, 541 Pa. 641, 663 A.2d 693 (1995).

In determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property. *Litmans v. Litmans*, 449 Pa.Super. 209, 673 A.2d 382, 395 (Pa.Super.1996) (citing *Aletto v. Aletto*, 371 Pa.Super. 230, 537 A.2d 1383 (Pa.Super.1988)). "Where the evidence offered by one party is uncontradicted, the court may adopt this value even though the resulting valuation would have been different if more accurate and complete evidence had been presented." *Id.* (quoting *Holland v. Holland*, 403 Pa.Super. 116, 588 A.2d 58, 60 (Pa.Super.1991), *appeal denied*, 528 Pa. 611, 596 A.2d 158 (1991). *Accord Smith v. Smith*, 439 Pa.Super. 283, 653 A.2d 1259, 1267 (Pa.Super.1995), *appeal denied*, 541 Pa. 641, 663 A.2d 693 (1995) (stating if one party disagrees with the other party's valuation, it is his burden to provide the court with an alternative valuation). A trial court does not abuse its discretion in adopting the only valuation submitted by the parties. *Litmans, supra* at 395. Absent a specific guideline in the divorce code, the trial courts are given discretion to choose the date of valuation of marital property which best provides for "economic justice" between parties. *Smith, supra* at 1270.

*Baker v. Baker*, 861 A.2d 298, 302 (Pa.Super.2004).

 ¶ 17 Husband submits the trial court erred in accepting the valuation of his business that was provided by Wife's expert because a portion of that valuation was based upon his personal (professional) goodwill. He argues that it is well established that if goodwill is attributed principally to an individual it cannot be taken into consideration in valuing a business.

[G]oodwill is not necessarily a factor in determining the monetary worth of a business. Rather, it must first be determined whether the particular business at issue enjoys "goodwill" such that a value therefore should be attributable to the actual business for purposes of equitable distribution. *See, e.g. Stern v. Stern*, 66 N.J. 340, 331 A.2d 257 (1975).

As ... noted in *Solomon v. Solomon*, 531 Pa. 113, 611 A.2d 686 (1992), goodwill is essentially the positive reputation that a particular business enjoys.... [I]t is "the favor which the management of a business has won from the public, and probability that old customers will continue their patronage." *Buckl* [*v. Buckl* ], 373 Pa.Super. [521,][ ] 530, 542 A.2d [65,][ ] 69 (1988). As such, goodwill is clearly property of an intangible nature.

As [our Supreme Court] held in *Solomon*, in determining whether goodwill should be valued for purposes of equitable distribution the courts must look to the precise nature of that goodwill. That goodwill value which is intrinsically tied to the attributes and/or skills of certain individuals is not subject to equitable distribution because the value thereof does not survive the disassociation of those individuals from the business. *Solomon*, 531 Pa. at 124–125, 611 A.2d at 692. In other words, where such goodwill is attributable solely to an individual's attributes it cannot be viewed as a value of the business as a whole. On the other hand ... goodwill which is wholly attributable to the business itself is subject to distribution. 531 Pa. at 124–125, 611 A.2d at 692.

\* \* \* \* \* \*

[As further explained in *Fexa v. Fexa*, 396 Pa.Super. 481, 578 A.2d 1314 (1990):]

If the nature of the economic good will is purely personal to the professional spouse, it is not alienable; hence, it cannot actually be realized and may not be included in the equitable distribution. If, however, a portion of the economic good will is attributable separately to the corporation or business and can be realized by sale to another (by selling the enterprise in whole or in part, buy-in's and buy-out's included), then to that extent, there is good will value subject to equitable distribution.

*Fexa,* 396 Pa.Super. at 487, 578 A.2d at 1317 (emphasis in the original) (citations omitted). The rationale behind this is clear: professional goodwill may be inextricably tied to the individual professional's ability to generate future earnings and because future income is not subject to equitable distribution, *Hodge v. Hodge,* 513 Pa. 264, 520 A.2d 15 (1986), goodwill of a personal nature should not be considered for purposes of equitable distribution. Moreover, where there has been an award of alimony, as in the case *sub judice,* to also attribute a value to goodwill that is wholly personal to the professional spouse, would in essence result in a double charge on future income. *See also, McCabe v. McCabe,* 525 Pa. [25,] 30, 575 A.2d [87,] 89 [ (1990) ].

*Butler v. Butler,* 541 Pa. 364, 378–379, 663 A.2d 148, 155–156 (1995).

¶ 18 As further explained in *Gaydos v. Gaydos,* 693 A.2d 1368 (Pa.Super.1997) (*en banc* ):

"Going-concern value refers generally to the ability of a business to generate income without interruption, even where there has been a change in ownership, whereas goodwill represents a preexisting relationship arising from a continuous course of business which is expected to continue indefinitely." *Butler,* supra at 372 n. 9, 663 A.2d at 152 n. 9 (emphasis added). Goodwill is, therefore, one benefit among many of owning a fully-functional business rather than a collection of assets. It follows that goodwill value is a component of the going concern value of a business; goodwill and going concern are not "separate methods" of valuing the same intangible thing.

Plainly, any long-standing business such as Husband's dental practice has a going-concern value—i.e., a value related to the business's enhanced power to earn future revenues based on the fact that the business is already organized, rather than a startup. This value exists independent of whether Husband or another dentist owns and operates the business. Husband's dental practice also has a separate goodwill value attributable to its reputation and preexisting relationship with its customers.

The goodwill value may, per *Solomon,* be further subdivided into professional goodwill and enterprise goodwill. For purposes of equitable distribution, the enterprise goodwill of a business ... may be included in the marital estate as part of the overall going-concern value of the business. Professional goodwill, on the other hand, cannot be included for equitable distribution purposes because this value is considered the exclusive property of the professional spouse. *Id.* at 1375.

¶ 19 Instantly, the trial court accepted Wife's expert's valuation of $279,000.00, which included a value for goodwill, and rejected Husband's expert's valuation that was based solely upon the adjusted net assets value of $56,044.00. However, our review of the record fails to disclose whether the goodwill value used by Wife's expert included any professional goodwill

or was solely the product of enterprise goodwill. While we suspect that much, if not all, of the goodwill was that of the enterprise as part of the overall going-concern value of the business, in absence of testimony to that effect we cannot be certain. Therefore, we must also remand for further proceedings in this regard. *See Gaydos, supra* at 1375 (directing the trial court "to determine whether or not Husband's business [has any] professional goodwill. If it does, the value of that goodwill must be excluded from the overall value of Husband's [business] and must not be included in the marital estate for equitable distribution.").

¶ 20 In sum, we vacate that portion of the order awarding alimony and remand with direction that the trial court consider the tax ramifications and make any necessary adjustment in the award. We also vacate the decision of the trial court with respect to the goodwill issue and remand for a recalculation of the value of Husband's trucking business. In all other respects, the decision of the trial court is affirmed. To the extent on remand that the trial court determines that a new equitable distribution scheme is necessary, our discussion and affirmance of the remaining issues should not preclude the trial court from proceeding with a new distribution scheme.

¶ 21 Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.