J-S47039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LUQMAN AKBAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| SHARON VARGAS | |
| Appellee | No. 420 EDA 2014 |

Appeal from the Order Entered December 23, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 11-02828

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 13, 2014**

Luqman Akbar ("Husband") appeals the December 23, 2013 order that awarded Sharon Vargas ("Wife") property according to the parties' marriage contract.  We affirm.

Husband and Wife married on May 28, 2004.  On February 7, 2011, Husband filed a complaint in divorce, in which he alleged the parties had been separated since January 2008.  On June 3, 2011, Husband filed a petition to bifurcate.  On October 4, 2011, the trial court granted that petition.  Subsequently, on October 27, 2011, the parties were divorced.

On July 20, 2011, Husband filed a petition to dismiss Wife's claim for equitable distribution.  Husband argued that Wife's claim for equitable distribution was based upon a marriage contract entered by the parties that detailed the marital gift Husband made to Wife that was required by Islamic

religious law. Husband contended that Wife had violated the marriage contract and, therefore, was not entitled to that gift. Therefore, Husband asserted that Wife had no equitable distribution claim. At the hearing on Husband's petition, each party presented an expert to opine about the validity of the agreement. On April 23, 2012, the trial court dismissed Husband's petition, finding that Wife's right under the marriage contract was absolute. The trial court permitted the parties to proceed to equitable distribution.

On March 21, 2013, Wife filed a motion to schedule an equitable distribution hearing. On July 25, 2013, the trial court scheduled the hearing on Wife's motion, and gave notice to Wife's and Husband's respective attorneys.[1]

On December 19, 2013, the trial court conducted the equitable distribution hearing. Neither Husband nor his counsel appeared at the hearing. On December 23, 2013, the court issued an order, finding the marriage agreement binding and awarding Wife fifty percent of a property

_____

[1] On April 15, 2013, Husband's then-counsel, Attorney Nusrat Rashid, filed a petition to withdraw. The trial court issued a rule to show cause why Attorney Rashid should not be permitted to withdraw. On June 4, 2013, the trial court struck the petition from the rule to show cause hearing list because there was not a "proper certificate of service." The certified record contains no order granting or denying the petition. Therefore, Attorney Rashid was still the attorney of record for Husband when notice of the equitable distribution hearing was given. However, on January 15, 2014, Attorney Mu'min F. Islam entered his appearance on behalf of Husband.

on Cedarbrook Street in Philadelphia and fifty percent of an Orlando time share.

Husband filed a notice of appeal on January 16, 2014. The trial court directed Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Husband timely complied. The trial court then filed its opinion.

Husband presents one issue for our review:

[Husband] is entitled to a new Equitable Distribution Hearing. When applying the Pennsylvania Rules of Civil Procedure, the trial court abused its discretion and/or misapplied the law in reviewing the following questions:

(a) Whether the Court included all property owned by both parties, marital and pre-marital assets[,] in its distribution of property in accordance with 23 Pa.C.S.A. § 3502(a)(4), (7)?

Husband's Brief at 7.

Our standard of review of an equitable distribution order is well-settled:

Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*Smith v. Smith*, 904 A.2d 15, 18 (Pa. Super. 2006).

Husband argues the trial court did not consider property owned by Wife in North Wales in its equitable distribution order. Husband concludes

- 3 -

that the trial court also erred by failing to inquire about additional marital property.  Husband's Brief at 11-12.

Husband did not appear at the equitable distribution hearing.[2]  The trial court noted on the record that Husband had received notice, and court staff attempted to reach Husband by telephone before starting the hearing.  Additionally, the court waited thirty minutes to start the hearing to see if Husband would appear.  Notes of Testimony ("N.T."), 12/19/2013, at 3-4.  At the hearing, it was clear that Wife sought only the enforcement of the marriage contract, which detailed that fifty percent of the Cedarbrook property and the Orlando time share were to be gifted to Wife.  *Id.* at 18.  The trial court asserted that it was enforcing the contract in its equitable distribution order.  *Id.* at 23.

There was no evidence produced at the hearing regarding anything other than the Cedarbrook property and the time share.  Wife's pre-trial memorandum asserted that the only contested issue was the valuation of those two assets.  Husband did not file a pre-trial memorandum.  The only place in which additional property is mentioned is in a counter-claim filed by Husband on April 4, 2012.  The counter-claim does not name any specific

---

[2]  Husband raised an issue regarding notice in his 1925(b) concise statement.  However, he has not listed the issue in his questions presented or presented an argument in his brief and, therefore, has waived the issue. *See* Pa.R.A.P. 2116(a), 2119(a).

- 4 -

property or values, but merely alleges that there is non-marital property that has increased in value during the marriage.

Husband was not present at the hearing and has foregone any argument by which his absence would be excused. *See* n.2, *supra*. While there is a presumption that an increase in value of non-marital property is part of the marital estate, *see* 23 Pa.C.S.A. § 3501(a.1), the trial court must have evidence upon which it can make such a finding. If Husband believed there were additional assets for the court to consider, Husband should have provided the court with admissible evidence by which the court could have determined whether the assets were part of the marital estate and, if so, distributed them accordingly. Husband may not blame the trial court for failing to inquire when no evidence was presented.[3] Because the trial court had no evidence regarding additional marital assets, it had no basis upon which it could have concluded that there were such assets. Therefore, the trial court did not err in failing to consider them.

Order affirmed.

_____

[3] We recognize that we have held that, in support matters, the fact-finder should inquire into the relevant factors to determine earning capacity if a party or counsel does not provide all the relevant information. *Haselrig v. Haselrig*, 840 A.2d 338, 341 (Pa. Super. 2003). However, *Haselrig* has not been extended to equitable distribution, and Husband does not provide any authority for that proposition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014