J-A03024-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EILEEN M. CULLISON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONOVAN C. CULLISON, | : | |
| | : | |
| Appellant | : | |
| | : | No. 991 WDA 2018 |

Appeal from the Order Dated June 18, 2018
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 05-000104-004

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
**FILED SEPTEMBER 1, 2020**

I join the Majority's analysis and holding as to Husband's first and third issues on appeal, and join the Majority's holding as to Husband's second issue.[1]  Majority at 1-16.  I respectfully dissent, however, as to Husband's fourth, fifth, and sixth issues on appeal.

In Husband's fourth claim, he challenges the trial court's finding of contempt and awarding of counsel fees to Wife.

---

[1] I do not join the Majority's analysis of Husband's second issue insofar as the Majority finds Husband's claim waived because Husband withdrew his appeal from the ED Order.  **See** Majority at 13 (concluding that based on withdrawal of prior appeal, Husband "cannot be heard now to challenge the award of fifty percent of the RS plan benefits to Wife"), 16 (concluding because "Husband filed a notice of appeal from the ED Order then discontinued it" that "the award to Wife is unassailable at this point"). Husband withdrew the appeal from the ED Order because the trial court deemed it interlocutory.  Therefore, I do not find waiver applicable in this context.

* Retired Senior Judge assigned to the Superior Court.

> This [C]ourt's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.

> In order to establish that a party is in civil contempt, there must be proof by a preponderance of the evidence that the contemnor had notice of the specific order that he or she is alleged to have disobeyed, that the act that constituted the contemnor's violation was volitional, and that the contemnor acted with wrongful intent.

***Cunningham v. Cunningham***, 182 A.3d 464, 471 (Pa. Super. 2018) (citations and quotation marks omitted).

The Majority concludes that Wife demonstrated all three elements for contempt based upon the finding that the ED Order was "clear, definite, and specific," and Husband volitionally and with wrongful intent tanked the balance of the RS Plan. Majority at 19-20. I disagree.

Husband transferred to Wife the funds he believed she was owed based upon his interpretation of the ED Order. Although his interpretation ultimately differed from the trial court's, mistakenly withholding funds based upon a good faith interpretation of the ED Order does not equate to Husband volitionally violating the ED Order, with wrongful intent, to deprive Wife of assets. Moreover, the Master agreed with Husband's interpretation of the ED Order at the December 9, 2015 hearing, following which the Master found Husband not to be in contempt. ***See*** Master's Report and Recommendation, 1/13/2016, at 3-4. It was not until remanded by the trial

court that the Master reversed course. Because the evidence of record does not prove by a preponderance of the evidence that husband volitionally violated the ED Order with wrongful intent, I would conclude that the trial court abused its discretion in holding Husband in contempt. Accordingly, I would also reverse the granting of counsel fees.

In Husband's fifth issue, he challenges the trial court's finding that he knowingly wasted the RS Plan. The trial court disbelieved Husband's assertion that he could not trade the stock, and the Majority found no reason to disturb the trial court's finding that Husband knowingly wasted the RS Plan. However, even if Husband was wrong about his inability to trade the stock, I do not believe it follows that Husband tanked knowingly the RS Plan's value simply because the stock plummeted. Stocks are volatile. Moreover, Husband did not choose the stock that plummeted.

The record supports Husband's assertion that he believed the entirety of the RS Plan belonged to him, and that Wife was not entitled to any portion of it. Additionally, Husband had no incentive to tank intentionally the value of stocks to which he thought he alone was entitled. Husband had the same interest in the stock doing well as Wife did. Given Husband's beliefs and actions, it does not follow that he intentionally took no action in order to waste the RS Plan and spite Wife. Accordingly, I would conclude that the trial court erred in finding Husband wasted knowingly the RS Plan.

Finally, Husband contends that the trial court erred in setting the valuation date as May 2015, instead of the distribution date.

> In determining the value of marital assets, a court must choose a date of valuation which best works economic justice between the parties. The same date need not be used for all assets. Since a business' value may be subject to great fluctuation, the date selected is generally close to the date of distribution, rather than the date of separation. ***Sutliff v. Sutliff***, [] 543 A.2d 534 ([Pa. ]1988). Despite ***Sutliff's*** stated preference for the date of distribution,
>
>> there are limited circumstances where it is more appropriate to value marital assets as of the date of separation. However, those circumstances are confined to situations where one spouse consumes or disposes of marital assets or there are other conditions that make current valuation difficult.
>
> ***Nagle v. Nagle***, 799 A.2d 812, 820-21 (Pa. Super. 2002). We will only reverse the decision of the lower court in regard to the setting of the date for the valuation of the marital assets on the basis of an abuse of discretion.

***Smith v. Smith***, 904 A.2d 15, 18-19 (Pa. Super. 2006) (some citations and quotation marks omitted).

As noted above, I conclude that Husband did not waste the RS Plan. Additionally, there is no indication that the stock at issue would not be capable of being valued at the time of distribution. Thus, I conclude the trial court abused its discretion in deviating from the general rule of using the distribution date for valuation. Just as a business' value is subject to great fluctuation, so is stock. Here, the stock plummeted, prompting Wife to request a deviation from the usual valuation on the date of distribution to an earlier date when the stock was worth more. However, if the stock had

skyrocketed, Wife surely would have sought a valuation date commensurate with the date of distribution. Given the proclivity of stock to fluctuate greatly, that Husband did not waste the RS Plan, and there is no evidence that the stock would be incapable of being valued at the date of distribution, I would reverse the trial court's decision to stray from the general rule that valuation should occur on the date of distribution.

Accordingly, I would affirm Husband's first three issues and reverse the trial court's finding of contempt, granting of counsel fees, and setting the valuation date as May 2015.