J-S38030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL J. STRANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTY D. STRANG | : | |
| | : | |
| Appellant | : | No. 513 WDA 2021 |

Appeal from the Order Entered March 24, 2021
In the Court of Common Pleas of Bedford County Civil Division at No(s):
No. 2014-1357

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                     **FILED: MAY 11, 2022**

Appellant, Kristy. D. Strang ("Wife"), appeals from the March 24, 2021 Order that, *inter alia*, provided for equitable distribution of the marital assets of Wife and Appellee, Daniel J. Strang ("Husband"), and denied Wife's request for alimony and counsel fees.  Upon review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

The relevant factual and procedural history, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion, is as follows.  Wife and Husband were married on May 9, 2006, and separated eight years later on May 14, 2014. This was the first marriage for both parties, and the parties did not have any children together.  Husband filed a Complaint in Divorce on October 28, 2014. The trial court finalized the divorce on January 26, 2021, and ordered a

_____

[*] Retired Senior Judge assigned to the Superior Court.

division of marital assets. Wife filed a motion for reconsideration, which the trial court expressly granted. After a hearing, on March 24, 2021, the court reaffirmed its January 26, 2021 order that provided for the equitable division of marital assets and denied Wife's requests for alimony and counsel fees.[1]

At the time of the divorce, Husband was 48 years old and Wife was 39 years old. Husband is a high school graduate, served in the Army National Guard from 1992 to 1996, and is currently employed as an Engineer for CXS Railroad, earning net monthly income of $5,367 per month. Wife has an associate degree in fine arts from a community college. Wife worked part time at a CVS Pharmacy prior to the marriage, and the parties agreed that Wife would be a homemaker during the marriage. Husband is in generally good health; Wife suffers from depression and anxiety.

In November 2009, the parties bought a home. While living in the home, Wife complained of "allergies and a multitude of phobias[.]" Memorandum Op., filed 1/26/21, at 2. Husband made multiple upgrades to the home "[i]n an effort to placate Wife," including replacing the ductwork, remodeling the basement, and moving the well that supplied water to the home. *Id.* While Husband made the home improvements, Wife moved out of the home to live with her father for approximately eighteen months. During this time, Wife only saw Husband one time. Wife moved back into the home in October 2013.

_____

[1] The order is dated March 23, 2021, but the trial court docketed and served notice of the order on March 24, 2021.

In November 2013, Wife was injured in a serious car accident. Husband served as Wife's caregiver for her six-month recovery. On May 14, 2014, three weeks after completing physical therapy, Wife moved out of the marital home and began living with her father again. Several months later, Husband filed for divorce.

Wife is currently employed full-time stocking shelves at Wal-Mart and earns a net income of $1,399 per month. Wife is currently covered by Husband's health insurance.

The trial court held a three-day hearing where Husband and Wife testified to the above facts. Additionally, the trial court received evidence and testimony regarding the martial assets and debts of the parties, including the marital residence, various vehicles, and household goods, as well as pension, retirement, and financial accounts. At the conclusion of the hearing, the trial court entered a Memorandum Opinion and Order that considered the 23 Pa.C.S. § 3502(a) equitable distribution factors and the Section 3701(a) alimony factors, ordered a comprehensive equitable distribution scheme, and denied Wife's request for alimony and counsel fees.

Specifically, the trial court awarded Wife 45% of the equity in the marital home, the proceeds of the sale of a Volkswagen vehicle, the "Divorce Spouse Benefit" of Husband's Railroad Employee's Railroad Retirement Benefits, $24,743 from Husband's 401(k) account, $2,620 from Husband's Capital Account Builder Retirement Plan, the Vanguard IRA, and the Vanguard account. The trial court awarded Husband 55% of the equity in the marital

home, a 2013 Toyota truck, a quad ATV, the remainder of his 401(k) account and retirement plans, and made Husband responsible for the debt incurred on the Sears and Chase credit card accounts.

Wife timely appealed. Wife filed a court-ordered Pa.R.A.P. Rule 1925(a) statement. The trial court did not file a responsive opinion but instead relied on its January 25, 2021 Memorandum and Order of Court.

**ISSUES RAISED ON APPEAL**

Wife raises the following issues for our review:

1. Did the trial court abuse its discretion and commit reversible error in ordering a 45/55 distribution of the value of the equity in the marital home after consideration of all factors set forth in 23 Pa.C.S.[] § 3502(a)?

2. Did the trial court abuse its discretion and commit reversible error in determining that Wife was not entitled to an award of half of the value of the marital checking account on the date of separation?

3. Did the trial court abuse its discretion and commit reversible error in finding that Wife utilized all of the funds in the Vanguard account instead of Husband and therefore failed to properly consider, weigh, and award the correct amount of said funds to Wife in the equitable distribution scheme?

4. Did the trial court abuse its discretion and commit reversible error in failing to consider and appropriately weigh all the factors set forth in 23 Pa.C.S.[] § 3701(b), including but not limited to the parties current and future earning capacities, their incomes, employment and the health of the parties, when denying Wife's claim for continued alimony?

5. Did the trial court abuse its discretion and commit reversible error in failing to properly consider, weigh and apply the current and future earning capacities of the parties, employability, and Wife's disability in denying Wife's claim for [counsel] fees?

Wife's Br. at 5-6 (some capitalization omitted, reordered and renumbered for ease of disposition).

**LEGAL ANALYSIS**

**Equitable Distribution**

In her first three issues, Wife challenges the trial court's equitable distribution scheme. It is well established that our standard of review is limited, and this Court will not reverse an award of equitable distribution absent an abuse of discretion. **Lee v. Lee**, 978 A.2d 380, 382 (Pa. Super. 2009). "In addition, when reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate economic justice[.]" **Id.** (citation omitted). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence" that the trial court misapplied the law or failed to follow proper legal procedure. **Smith v. Smith**, 904 A.2d 15, 18 (Pa. Super. 2006) (citation omitted). In addition, "the finder of fact is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." **Lee**, 978 A.2d at 382 (citation omitted).

In fashioning an equitable distribution award, the trial court is required to consider, at the very least, the enumerated factors set forth in 23 Pa.C.S.[] § 3502(a)(1)-(11). **Wang v. Feng**, 888 A.2d 882, 888 (Pa. Super. 2005). However, this court has noted that, "[t]here is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case." **Id.** (citations omitted). "The list of factors [enumerated

in Section 3502(a)] serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be given the various factors. Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions." *Id.* (citations omitted). "The trial court has the authority to divide the award as the equities presented in the particular case may require." *Childress v. Bogosian*, 12 A.3d 448, 462 (Pa. Super. 2011) (citation omitted). This Court "do[es] not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor." *Id.* (citations omitted). Rather, it is well-settled that we "must consider the distribution scheme as a whole." *Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009) (citation omitted). "We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Id.* (citation omitted).

In her first issue, Wife avers that the trial court abused its discretion when it awarded Husband 55% of the equity in the marital home. Wife's Br. at 18. Wife argues that the trial court failed to consider the fact that she was a homemaker for the duration of the marriage, has significant mental health issues, and has limited employment opportunities while Husband is in good health and has a well-paying job with a significant retirement investment. *Id.* at 17. Wife is not entitled to relief.

Wife's claims that the trial court failed to consider her financial prospects versus Husband's financial prospects are belied by the record. The trial court

engaged in a comprehensive analysis of each of the Section 3502 equitable distribution factors. Memorandum Op. at 7-11. Notably the trial court did consider Wife's role as a homemaker, her struggle with anxiety and depression, her current salary that is significantly less than Husband's salary, her future earning capacity, and her ability to acquire future assets and income. *Id.* at 8-9. However, the trial court also found that Wife "offered little evidence as to her financial obligations[,]" had not assumed any marital debt, and continues to reside with her father. *Id.* at 9.

In awarding Husband 55% of the equity of the marital home, the trial court placed great weight on the fact that Husband assumed all of the marital debt, stating "[t]he [c]ourt concludes that Husband will likely have more of an opportunity to acquire future capital assets and income due to his superior earning capacity. However, this ability is tempered due to Husband assuming **all** of the marital debt." *Id.* (emphasis added). The court also emphasized that Husband improved and preserved the marital estate. The trial court opined:

> The parties agreed that Wife would serve as a homemaker. This evidence revealed that Wife contributed in this regard only for the first few years of the marriage. Husband worked long hours, came home and did household chores and also continually attempted to complete various household renovations and improvements in order to placate Wife, seemingly to no avail. The Court finds that Husband made significant contributions, especially with regards to the marital home. As such, the [c]ourt finds it equitable to award Husband 55% of the equity of the marital home. Additionally, Husband continued to pay all of the household financial obligations during the time the parties were living separate and apart, thus preserving the marital estate.

*Id.* at 10. Our review of the record supports the trial court's findings, and we decline to reweigh the evidence. Accordingly, we find no abuse of discretion in the trial court's award of 55% of the equity in the marital home to Husband.

In her second issue, Wife argues that the trial court erred when it "failed to address" the PNC Bank marital checking account in its equitable distribution scheme and incorrectly found that Husband opened and dissipated the account after separation. Wife's Br. at 23. Wife misstates the trial court's findings.

In its Memorandum Opinion, the trial court found that the PNC Bank checking account with a balance of $4,121 was a joint asset that Husband dissipated following separation to pay off marital debts. Memorandum Op. at 6. The trial court also found that there was "evidence of **other** PNC checking/saving accounts, however, the evidence showed that these accounts were opened by Husband **following** the separation." *Id.* (emphasis added). The court failed to address the "other PNC checking/saving accounts" in its equitable distribution scheme but awarded Husband "the balance of the jointly owned PNC checking account (x6865)." *Id.* at 13. Moreover, the court explained that it "declined to award any off set to Wife for this account, as Husband testified that he depleted this account in order to pay marital debts." *Id.* at 13.

Our review of the record reveals that, contrary to Wife's contention, the trial court did address the PNC Bank marital checking account in its equitable distribution scheme and did not find that the PNC Bank marital checking

account was opened and dissipated after separation. Accordingly, Wife's claim as stated lacks merit.

Wife next challenges the distribution of the Vanguard account. In a one-paragraph argument, Wife avers that "Husband clearly testified that it was him who dissipated the account post-separation." Wife's Br. at 24. Therefore, Wife argues, the trial court "erred when it found that Wife had dissipated the account and therefore did not assess a value to the account [and] Wife therefore received no credit for any portion of the $20,439.90 in the Vanguard account[.]" Wife's Br. at 24.

Here, the trial court awarded Wife the jointly owned Vanguard account and found: "[e]ven though Wife dissipated this marital asset, by approximately $19,000.00 following separation, the Court finds it equitable to not penalize Wife in order to make the overall economic distribution scheme fair and equitable." Memorandum Op. at 12.

Our review of the record confirms Wife's claim that the trial court made an incorrect finding about which party dissipated the funds in the Vanguard account. Indeed, Husband testified that he was the one who dissipated the funds. N.T. Hearing, 6/29/20, at 56-60, N.T. Hearing, 11/23/20, at 34.

However, in her argument, Wife mischaracterizes Husband's testimony and fails to consider Husband's explanation, found to be credible by the trial court, that he used the funds in the joint Vanguard account **to pay off marital debt** rather than for his own personal expenses. N.T. Hearing, 6/29/20, at 56-60. Wife does not explain why she should receive credit for a joint account

- 9 -

that was dissipated to pay off marital debt, nor does she provide any legal authority to support this premise. In light of this Court's obligation to view the equitable distribution scheme as a whole, we are unable to discern how the court's incorrect finding, if corrected, would have any effect on the overall equitable distribution scheme. As stated above, we decline to find a basis for reversal in the court's application of a single factor. Accordingly, we find no abuse of discretion.

**<u>Alimony</u>**

In her fourth issue, Wife avers that the trial court abused its discretion when it denied Wife's claim for alimony. Wife's Br. at 18. Wife argues that the trial court failed to consider and appropriately weigh the Section 3701(b) alimony factors, including the parties' current incomes, the parties' future earning capacities, and the parties' health. *Id.* Wife's claim is devoid of merit.

We review questions pertaining to the award or denial of alimony for an abuse of discretion. ***Conner v. Conner***, 217 A.3d 301, 315 (Pa. Super. 2019). Section 3701 of the Divorce Code provides, *inter alia*, that when a trial court determines "whether alimony is necessary" and "the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors," including the seventeen factors prescribed in 23 Pa.C.S. § 3701(b)(1)-(17). 23 Pa.C.S. § 3701(b). The purpose of alimony is not to reward or punish the parties, but rather "to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate

employment, are met." ***Isralsky v. Isralsky***, 824 A.2d 1178, 1188 (Pa. Super. 2003) (citation omitted).

"Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." ***Id.*** (citations and internal quotation marks omitted). "Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution." ***Balicki v. Balicki***, 4 A.3d 654, 659 (Pa. Super. 2010).

Instantly, the trial court considered the Section 3701(a) alimony factors, including the fact that Wife earns less than Husband and that Wife has suffered from "various mental health ailments" since high school. Memorandum Op. at 14. The trial court emphasized that despite Wife's ailments, Wife is able to maintain full-time employment. The trial court also considered that Husband's employment provides health care coverage and a pension while "Wife admitted that her employer likely will provide health care overage and possibly retirement benefits, however, she has failed to make any inquiries in that regard." ***Id.*** Notably, the trial court found that "Wife failed to present any evidence as to her monthly bills or her reasonable financial needs." ***Id.*** at 15. After considering the Section 3701(a) alimony factors and the equitable distribution award, the trial court concluded that that alimony was not necessary. The trial court opined:

> In the equitable distribution award, the [c]ourt awarded Wife sizeable assets in the form of retirement benefits as well as a lump sum cash payment. While Husband was awarded the marital home, he is also required to satisfy all of the marital debt. The [c]ourt finds that the overall scheme of the equitable distribution award provides for the parties' reasonable needs and that a further award of alimony would not be equitable. In light of the foregoing, the [c]ourt will deny Wife's claim for alimony.

*Id.* The record supports the trial court's findings and, once again, we decline to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion when it denied Wife's claim for alimony.

**Counsel Fees**

Finally, Wife avers that the trial court abused its discretion when it denied her request for counsel fees. Wife's Br. at 21.

This Court reviews a decision to deny counsel fees for an abuse of discretion. *Brubaker v. Brubaker*, 201 A.3d 180, 191 (Pa. Super. 2018). Section 3702 of the Domestic Relations Code permits the trial court to award reasonable counsel fees where appropriate. 23 Pa.C.S. § 3702. "The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be 'on par' with one another." *Brubaker*, 201 A.3d at 191 (citation omitted). "Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, **the value of the services rendered**, and the property received in equitable distribution." *Id.* (citation omitted and

emphasis added). Importantly, "[c]ounsel fees are awarded **only upon a showing of need**." **Busse v. Busse**, 921 A.2d 1248, 1258 (Pa. Super. 2007) (citations omitted and emphasis added). "In most cases, each party's financial considerations will ultimately dictate whether an award of counsel fees is appropriate. Also pertinent to our review is that, in determining whether the court has abused its discretion, we do not usurp the court's duty as fact finder." **Id.** (citations omitted).

Instantly, the trial court denied Wife's request for counsel fees because Wife failed to present any evidence to support her request. The court opined:

> Wife additionally made a claim for counsel fees. However, no evidence was offered at the hearings in support of her claim. A statement of fees was attached to Wife's counsel's Proposed Schedule of Equitable Distribution, however, it was not entered into evidence prior to the conclusion of the final hearing. As such, this Court will deny Wife's claim for costs and counsel fees.

Memorandum Op. at 15. Absent a showing of need and the value of services rendered, the trial court did not abuse its discretion in denying Wife's request for counsel fees.

**CONCLUSION**

In conclusion, the trial court did not abuse its discretion when it ordered the equitable distribution of marital assets and denied Wife's requests for alimony and counsel fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  05/11/2022