J-S39002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BENJAMIN F. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA R. BROWN | : | |
| | : | |
| Appellant | : | No. 474 MDA 2023 |

Appeal from the Decree Entered March 2, 2023
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-18162

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                **FILED: DECEMBER 29, 2023**

Appellant, Melissa R. Brown ("Wife"), appeals *pro se* from the March 2, 2023 equitable distribution order entered in the Berks County Court of Common Pleas that, *inter alia*, awarded her 65% of the marital estate and ordered her to either refinance or sell the marital home.  Wife raises discrete challenges to the valuation of the marital home and the time frame in which she was ordered to refinance the home.  Upon review, we affirm.

The relevant factual and procedural history is as follows.  Wife and Benjamin F. Brown ("Husband") were married in May 2006.  The parties have three minor children together.  Husband works for his family's business, Brown Engineering, where he began as an engineer and is now the vice president of the company.  During the marriage, Wife was a stay-at-home parent.  After 14 years of marriage, the parties separated on November 5, 2020, and

Husband filed a divorce complaint on November 24, 2020.[1]  Wife responded with a counterclaim for alimony and alimony pendente lite.  The divorce proceedings were highly contentious, with both parties filing numerous petitions for special relief and contempt.  The parties also participated in several settlement conferences to no avail.

On March 2, 2023, after a two-day bench trial, the court entered a final divorce decree as well as a "Findings of Fact, Conclusions of Law, Decision, and Order," which considered and analyzed the 23 Pa.C.S. § 3502 equitable distribution factors as well as the Section 3701 alimony factors.  The trial court awarded Wife 65% of the marital assets.  Additionally, the court ordered Husband to pay Wife $1,825 per month in alimony for 26 months as well as $2,000 in legal/expert costs.  Relevant to this appeal, the court found that, per the parties' stipulation, the value of the marital home was $465,000.  Further, per the parties' stipulation, the net equity in the marital home was $202,549 after considering the mortgage balance of $237,451 and a home equity line of credit ("HELOC") of $25,000.

With regards to the marital home, the court ordered that Wife either 1) refinance the marital home to remove Husband's name from the mortgage and HELOC and pay Husband $70,892.15 for his 35% share of the home's agreed upon equity within 30 days or 2) list the marital home for sale within

---

[1] Husband filed a Complaint in Divorce and Custody.  This appeal only concerns the divorce portion of the complaint.

60 days and pay Husband 35% of the proceeds from the sale.  Order, 3/2/23, at ¶¶ 9, 10.

Wife filed a timely *pro se* notice of appeal.  Both Wife and the trial court complied with Pa.R.A.P. 1925.

In her *pro se* brief to this Court, Wife raises the following two issues for our review:

1. Whether the trial court abused its discretion in providing Wife only thirty days in which to refinance the mortgage on the marital home and buy out Husband's interest?

2. Whether the trial court erred in failing to apply 23 Pa.C.S. § 3502(A)(10.2) and reduce the value of the marital home by 7% to reflect the eventual costs of sale?

Wife's Br. at 6 (reordered for ease of disposition, some capitalization omitted).

It is well established that our standard of review for a challenge to an equitable distribution order is limited, and this Court will not reverse an award of equitable distribution absent an abuse of discretion.  *Lee v. Lee*, 978 A.2d 380, 382 (Pa. Super. 2009).  "In addition, when reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate economic justice[.]"  *Id.* (citation omitted).  "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence" that the trial court misapplied the law or failed to follow proper legal procedure.  *Smith v. Smith*, 904 A.2d 15, 18 (Pa. Super. 2006) (citation omitted).  In addition, "the finder of fact is free to believe all, part,

or none of the evidence[,] and the Superior Court will not disturb the credibility determinations of the court below." *Lee*, 978 A.2d at 382 (citation omitted).

In fashioning an equitable distribution award, the trial court is required to consider, at the very least, the enumerated factors set forth in 23 Pa.C.S. § 3502(a)(1)-(11). *Wang v. Feng*, 888 A.2d 882, 888 (Pa. Super. 2005). However, this Court has noted that, "[t]here is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case." *Id.* (citations omitted). "The list of factors [enumerated in Section 3502(a)] serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be given the various factors. Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions." *Id.* (citations omitted). "The trial court has the authority to divide the award as the equities presented in the particular case may require." *Childress v. Bogosian*, 12 A.3d 448, 462 (Pa. Super. 2011) (citation omitted). This Court "do[es] not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor." *Id.* (citations omitted). Rather, it is well-settled that we "must consider the distribution scheme as a whole." *Biese v. Biese*, 979 A.2d 892, 895 (Pa. Super. 2009). "We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Id.* (citation omitted).

In her first issue, Wife avers that the trial court abused its discretion in providing Wife only 30 days in which to refinance the mortgage on the marital home. Wife's Br. at 6. Wife argues that court failed to consider the impediments that she faced trying to refinance, the impact of the ruling on the parties' children, and the fact that a longer refinance window would not prejudice Husband. *Id.* at 24-27. Upon review, we find no abuse of discretion.

Wife offers no controlling authority to support her position that the trial court should have given her longer to refinance, and, in her brief, concedes that "there is no hard and fast 'rule' as to exactly how long a person should be given in which to refinance." *Id.* at 28. Moreover, in her argument to this Court, Wife mischaracterizes the time in which she had to refinance the marital home and fails to acknowledge that the 30-day-refinance was not Wife's only option. On the contrary, in its Rule 1925(a) opinion, the trial court emphasizes that Wife had been unsuccessfully trying to refinance the home for at least six months and that the court "fashioned the [o]rder for [Wife] to explore all remaining options, including a relative cosignatory or other non-occupant co-borrower arrangement." Trial Ct. Op., dated 5/30/23, at 7. The court further opined that Husband and Wife had been unable to afford the marital residence on Husband's sole income prior to their separation, that the home had been previously subject to foreclosure on more than one occasion, and, by Wife's own admission, that Wife's work history made it unlikely that she would obtain a mortgage on her own. *Id.* at 6-7. The court opined:

> The [t]rial [c]ourt found it untenable to craft an order that would indefinitely extend Wife's time in the marital residence for perhaps a year or more for her to potentially, maybe obtain a mortgage, all while Husband retained the liabilities and obligations of a mortgagor. This posed an unreasonable risk, particularly given credible testimony from Husband that (a) prior to separation, Husband and Wife were unable to afford the marital residence on their combined income, resulting in two active foreclosures and (b) Wife failed to timely pay the mortgage on three occasions during the spring of 2022, despite receiving considerable child support and [alimony pendente lite] from Husband. . . . [T]he 30-day timeframe seemed a reasonable balance of competing interests: the first being Wife's attempt to refinance (which had already been underway for months), and the second being the unreasonable extension of Husband's measurable post-marital exposure to liability as a debtor, while simultaneously delaying payment of his interest in the marital estate.

*Id.* The record supports the trial court's findings. We decline to reweigh the evidence or usurp the trial court's credibility determinations. Accordingly, we find no abuse of discretion.

Wife cites *Moran v. Moran*, 839 A.2d 1091 (Pa. Super. 2003), for the proposition that if a party to a divorce proceeding wants to keep the real property, the court should give the party an opportunity to do so. Wife's Br. at 22-23. *Moran* is easily distinguished from the instant case, and therefore, unpersuasive. In *Moran*, this Court found that the trial court abused its discretion when it rejected the hearing officer's recommendation to allow the husband to refinance the parties' vacation home to pay the wife and, instead, ordered the husband to sell the home. 839 A.2d at 1095-1096. In this case, as explained above, the trial court **did** provide Wife with the option to refinance the marital home within a certain amount of time before she had to

sell. Accordingly, **_Moran_** is distinguishable from the instant case because here the trial court is not requiring Wife to sell the house, but rather giving her a path to keep it.

Wife next challenges the trial court's valuation of the marital home. Wife's Br. at 6. She, however, is raising this challenge for the first time on appeal. Wife argues that the trial court failed to comply with 23 Pa.C.S. § 3502(a)(10.2), which requires the trial court to consider "the expense of sale, transfer, or liquidation associated with a particular asset, which expense need not be immediate and certain." Wife's Br. at 15-16 (quoting 23 Pa.C.S. § 3502(a)(10.2)). Wife argues that the trial court should have reduced the value of the marital home by 7% to account for a 1% transfer tax as well as a customary 6% real estate broker fee. **_Id._** at 19.

The trial court finds that Wife waived this issue for appeal because "[t]he parties stipulated as to the value of the marital estate, as well as the balance of the mortgage and equity in the property" and the court accepted these numbers. Trial Ct. Op. at 8. We agree. Wife failed to object to the valuation of the marital home in the trial court and, in fact, stipulated to its valuation. Accordingly, we find this issue, raised for the first time on appeal, to be waived. **_See_** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In conclusion, the trial court did not abuse its discretion when it ordered Wife to refinance the marital home within 30 days or, in the alternative, sell the marital home. The record supports the trial court's findings, and we

decline to reweigh the evidence. Moreover, Wife's challenge to the valuation of the marital home is waived.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/29/2023</u>