J-A19014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| GRAZYNA GREZAK-SKLODOWSKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 2312 EDA 2020 |

Appeal from the Order Entered September 30, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 5575 CV 2016,
No. 55750 CV 2016, No. 751 DR 2005

| GRAZYNA GREZAK-SKLODOWSKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | |
| | : | |
| Appellant | : | No. 2313 EDA 2020 |

Appeal from the Order Entered September 30, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 5575 CV 2016,
No. 55750 CV 2016, No. 751 DR 2005

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 22, 2021**

Grazyna Grezak-Sklodowska ("Wife") and Wieslaw Grezak ("Husband")

both appeal from the September 30, 2020 Order entered in the Monroe County

---

[*] Retired Senior Judge assigned to the Superior Court.

Court of Common Pleas that distributed the proceeds from the sale of the divorced parties' former marital residence. Upon careful review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, Wife and Husband were married in 1982, Wife filed a Complaint in Divorce in 2016, and the trial court entered a Divorce Decree on March 28, 2019. The divorce proceedings have been highly contentious, with Wife filing motions on a regular basis, sometimes daily, resulting in a delayed completion of equitable distribution. Relevant to this appeal, on August 27, 2018, after a hearing, a Divorce Master filed a Report and Recommendations recommending, *inter alia*, that Wife receive 55% and Husband receive 45% of the marital estate after liquidation of the former marital residence. Both parties filed Exceptions. On March 28, 2019, the trial court entered a final Divorce Decree, granted and denied various Exceptions, ordered the parties to select a realtor for the sale of the marital residence, and ordered that the selected realtor set the listing price for the property. Order, 3/28/19.

Wife continued to reside in the marital residence and failed to cooperate with the sale of the home. On June 10, 2019, the trial court ordered Wife to cooperate with the sale of the home and granted Husband authority to procure a realtor and sign the listing agreement if Wife failed to cooperate. Wife continued to contravene court orders and refused to allow Husband and the realtor to have access to the home, even when Husband and the realtor, on

multiple occasions, arrived accompanied by constables. After Husband filed numerous petitions to the court requesting relief, on October 9, 2019, the court ordered that Husband shall have exclusive possession of the marital residence on November 1, 2019, at 1:00 PM and Husband "shall continue to have exclusive authority to list, market and sign all documents necessary to sell the marital residence at a price recommended by a realtor." Order, 10/9/19.

On July 1, 2020, Husband filed a Petition for Special Relief averring that the marital residence was under a contract to sell with a closing date of July 31, 2020 and requesting that the court Order Wife to pay overdue taxes, pay for half of the cost of cleanout and repairs of the residence, and remove her personal property from the home no later than July 24, 2020. On July 17, 2020, the trial court ordered the following:

1. All closing costs related to the sale of marital residence located at 144 Wyndham Drive, Cresco, Monroe County, Pennsylvania shall be paid from the proceeds of the sale and collected at the time of closing;

2. The balance of the proceeds of the sale of the marital residence, along with a copy of the HUD-I Settlement Statement, shall be deposited with the Monroe County Prothonotary's Office within 72 hours of the closing and shall be distributed only upon written agreement of the parties, or further Order of Court;

3. The cost of any cleanout or disposal service, including use of dumpsters, shall be paid at the time of closing from the sale proceeds and reflected on the Settlement Statement;

4. The cost of all repairs necessary for safety issues in the marital residence shall be paid at the time of closing from the sale proceeds and reflected on the Settlement Statement;

5. [Wife] shall remove all of her personal property from the marital residence in the presence of a constable, with or without the assistance of a professional moving company no later than July 28, 2020, at 6:00 p.m., after giving [Husband] 24 hours of notice of her intent to do so;

6. In the event that [Wife] fails to remove her personal property on or before July 28, 2020, at 6:00 p.m., [Husband] shall be authorized to arrange for the orderly removal of [Wife's] personal property and placement of the same at a secure local storage facility with the costs to be assessed against the [Wife] upon final distribution of the proceeds of the sale of the marital residence;

7. [Wife] is PROHIBITED from entering upon the real property at 144 Wyndham Drive, Cresco, Monroe County, Pennsylvania on any other date and time other than the day during which she may enter the premises to remove her personal property in the presence of a constable.

8. Following the closing on the marital residence and deposit of the sale proceeds with the Court as set forth above, if no agreement is reached regarding division of the proceeds, either party may file a motion requesting the Court to determine the amount to be distributed.

Order, 7/17/20.

On July 31, 2020, the marital residence sold for approximately $325,000, and on August 31, 2020, the court held a hearing on the distribution of proceeds from the sale of the home. During the hearing, the court acknowledged that a prior equitable distribution order awarded Wife 55% and Husband 45% of the marital property but instructed the parties to present evidence regarding any requested credits, including expenses related to the sale of the marital residence or taxes. When Wife began to have heart palpitations during the hearing, the court proposed to end the hearing, leave the record open for five days, allow parties to submit documentary evidence,

take the matter under advisement, and decide based on the submitted documents. The court asked if either party objected to proceeding in this manner, and Husband responded that he did not want an affidavit from the constable to come in. The court acknowledged that it had previously ruled that the affidavit was hearsay, and that Wife may submit it, but that the court would probably not consider it. The court further explained that the parties should submit any documents that the parties would like the court to consider, and the court would choose which documents to consider. Both parties agreed to the hearing proceeding in this manner. *See* N.T. Hearing, 8/31/20, at 30-47.

On September 30, 2020, after both parties filed timely "Proffers of Evidence," the court entered a detailed Order that itemized Husband's submitted invoices and Wife's submitted tax receipts, concluded that Husband and Wife were jointly responsible for owed real estate taxes in a ratio compliant with the 45/55% equitable distribution scheme, credited both parties for paid taxes, credited Husband for reimbursement of cleanup, constable fees, gas, and storage fees related to the marital residence, and awarded Husband approximately $136,000 and Wife approximately $175,000

from the proceeds of the sale of the marital residence.[1]  Order, 9/30/20.  Both

parties filed Motions for Reconsideration, which the trial court denied.

Wife field a timely *pro se* Notice of Appeal; Husband filed a timely cross-

appeal. Both parties and the trial court complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

Husband raises the following issues on appeal:

I.    Did the trial court err or abuse its discretion when the trial court gave [] Wife credit for a payment of taxes in the amount of $22,172.84 when she failed to present receipts for these taxes to [] Husband for review and response to the court?

II.   Did the trial court err or abuse its discretion by giving [] Wife a credit for payment of taxes in the [amount] of $22,172.84 when a large portion of those taxes were likely due for a time period where [] Wife had exclusive possession of the marital residence?

III.  Did the trial court err and/or abuse its discretion in determining that the parties were jointly responsible for real estate taxes in the [amount] of $49,336.27 when a large portion of these taxes were likely from a time period when [] Wife had exclusive possession of the [] marital residence?

Husband's Br. at 4 (some capitalization omitted).

In her *pro se* Brief, Wife raises the following issues for our review:

_____

[1] Specifically, with regards to marital residence real estate taxes, the trial court found that $13,562.27 remained due by September 30, 2020; the parties together made payments totaling $35,774 in real estate taxes; the amount of taxes paid at closing was $49,336.27; the application of the 45/55% equitable distribution scheme makes Husband responsible for $27,134.95 and Wife responsible for $22,172.84; Husband presented receipts totaling $13,601.16, leaving Husband a balance of $13,533.79; and Wife presented receipts totaling $22,172.84, leaving Wife a balance of $28.48. Order, 9/30/20, at 3 (unpaginated).

I.      Whether Wife should be awarded with requested proceeds from the sale of marital property, and other requests, as equity and justice requires.

II.     Whether the record supports non-native English speaker sick Wife's due process violation when she proceeded with the best due diligence to have full opportunity to present eye-witness testimony and her other documentation during marital distribution, despite the denial of her continuous requests for APL to retain an attorney to have full equal professional service.

III.    Whether the trial court abused its discretion and erred as a matter of law when did not find Husband's continued intimidation of Wife, and his premediated disposal of the marital cat, the marital property property, her personal property, all located in formal marital house, to sanction him for a long term of perpetrating a fraud in order to solidify Wife's life threatening sickness and inability to proceed during the entire process of the distribution.

IV.     Whether the record supports the fatal defect apparent upon the fact of the record.

V.      Whether the order distributing proceeds from the sale of the marital [residence] to Husband had legal force.

VI.     Whether no authority existed that permitting not to consider Wife's documentation submitted with the court, and charge her with constable's fees.

Wife's Br. at 4 (some capitalization omitted; reordered for ease of disposition).

**LEGAL ANALYSIS**

It is well established that our standard of review is limited, and this Court will not reverse an award of equitable distribution absent an abuse of discretion. *Lee v. Lee*, 978 A.2d 380, 382 (Pa. Super. 2009). "In addition, when reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate economic justice[.]" *Id.*

(citation omitted). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence" that the trial court misapplied the law or failed to follow proper legal procedure. *Smith v. Smith*, 904 A.2d 15, 18 (Pa. Super. 2006) (citation omitted). Moreover, "the finder of fact is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." *Lee*, 978 A.2d at 382 (citation omitted).

In fashioning an equitable distribution award, the trial court is required to consider, at the very least, the enumerated factors set forth in 23 Pa.C.S.[] § 3502(a)(1)-(11). *Wang v. Feng*, 888 A.2d 882, 888 (Pa. Super. 2005) However, this court has noted that, "[t]here is no simple formula by which to divide marital property. The method of distribution derives from the facts of the individual case." *Id.* (citations omitted) "The list of factors [enumerated in Section 3502(a)] serves as a guideline for consideration, although the list is neither exhaustive nor specific as to the weight to be given the various factors. Thus, the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions." *Id.* (citations omitted). "The trial court has the authority to divide the award as the equities presented in the particular case may require." *Childress v. Bogosian*, 12 A.3d 448, 462 (Pa. Super. 2011) (citations omitted). Moreover, "[w]e do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor." *Id.* (citations omitted). "In determining the propriety of an equitable

distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." ***Biese v. Biese***, 979 A.2d 892, 895 (Pa. Super. 2009) (citations omitted).

**HUSBAND'S ISSUES**

**<u>Issue 1 – Wife's Tax Receipts</u>**

In his first issue, Husband avers that the trial court abused its discretion when the court gave Wife credit for payment of taxes based on copies of tax receipts she presented to the court but failed to provide to Husband. Husband's Br. at 17. Husband contends that Wife filed a Proffer of Evidence in the trial court with exhibits attached but provided Husband a copy of the Proffer without exhibits, depriving Husband of the right to cross-examine or respond to the exhibits. ***Id.*** at 17. This claim of error is waived.

As discussed above, both Husband and Wife agreed to the unique procedure of completing the equitable distribution hearing by filing "proffers of evidence" with exhibits attached after Wife fell ill during the proceeding. Husband not only agreed to the format but failed to request an opportunity to review the submitted exhibits or cross-examine Wife regarding the submitted exhibits.

It is well settled that "[f]ailure to timely object to a basic and fundamental error will result in waiver of that issue." ***In Interest of A.W.***, 187 A.3d 247, 252-53. (Pa. Super. 2018) (citation omitted). This court will

not consider a claim of error when an appellant fails to raise the claim in the trial court at a time when the error could have been corrected. *Id.* at 253; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, this claim of error is waived.

## Issues 2 and 3 – Marital Residence Real Estate Taxes

In his second and third issues, Husband avers that the trial court erred when it concluded that the parties were jointly responsible for real estate taxes owed during Wife's exclusive possession of the home, and when the court gave Wife a credit for payment of taxes that were due and owed during her exclusive possession of the marital residence. Husband's Br. at 19, 21. Husband avers that Wife had exclusive possession of the former marital residence from June 2017 through November 2019 and argues that because he did not receive a rental credit, equity dictates that Wife should not receive a credit for taxes paid during that time. *Id.* at 20. Husband further argues, without citation to legal authority, that taxes paid by Wife prior to the 2018 divorce master's hearing should have been credited at the time of that hearing. *Id.*

The trial court considered the Section 3502(a) factors, as well as the fact that Wife had exclusive possession of the home for certain time periods, to conclude that Husband and Wife were jointly responsible for marital residence real estate taxes and Wife was entitled to a credit for paid taxes. The trial court opined:

- 10 -

> In determining distribution in this case, we considered the length of the marriage, the age, health, station, amount and sources of income, employability, liabilities, needs of each of the parties and economic circumstances of each party at the time the division of property is to become effective. Although [Wife] had exclusive possession, we considered the above factors and determined that [Wife] should get credit for the taxes she paid on the [] marital residence. We find no error in our determination[.]

Trial Ct. Op., 12/22/20, at 1 (unpaginated). We agree and discern no abuse of discretion.

Husband cites *Lee, supra*, to support his convoluted claim that he was entitled to a rental value credit that the trial court failed to award, and, therefore should not be responsible for real estate taxes. *Lee* explains that a trial court has discretion to award rental value, or "a credit for one-half of the fair rental value of the marital home" to the dispossessed party, as part of equitable distribution. *Lee*, 978 A.2d at 385. But Husband fails to recognize that "[t]his award . . . **is not mandatory**." *Middleton v. Middleton*, 812 A.2d 1241, 1248 (Pa. Super. 2002) (emphasis added). Husband fails demonstrate that the trial court was even required to provide rental value credit, let alone that the absence of a rental value award should impact who is responsible for paying real estate taxes.

Moreover, Husband provides no legal authority for his arguments that the trial court erred in concluding that the parties were jointly responsible for marital residence real estate taxes, or that the taxes paid by Wife prior to the 2018 divorce master's hearing should have been credited at the time of that hearing. Without more, Husband fails to demonstrate that the trial court

- 11 -

abused its discretion in concluding that the parties were both responsible for marital residence real estate taxes.

**WIFE'S ISSUES**

**Issue 1 – Husband's Alleged Misconduct**

In her first issue, the crux of Wife's argument is that the trial court erred when it failed to conclude that Husband's alleged misconduct and bad faith barred him from receiving proceeds from the sale of the marital residence. Wife is not entitled to relief. Wife's Br. at 10-11.

Section 3502(a) of the Divorce Code clearly states that a trial court should not consider marital misconduct when determining the equitable distribution of marital property, providing: "the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties **without regard to marital misconduct** in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa.C.S. § 3502(a) (emphasis added). Accordingly, Wife's argument that the trial court should have considered Husband's misconduct lacks merit.

**Issues 2, 3, 4, 5, 6**

Wife's remaining issues are difficult to discern as stated and as argued. Wife makes various allegations of error that are disorganized, repetitive, untimely, and at times incoherent. In arguing these issues, Wife cites boiler-plate law but fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Our Rules

of Appellate Procedure clearly state that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020). While this Court is willing to liberally construe *pro se* filings, "*pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003). It is not our role to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009). Simply put, this Court will not act as counsel. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id.*** (citation omitted).

Wife's failure to develop her remaining issues in a meaningful and coherent way severely hampers this Court's review of the issues and, therefore, we are constrained to conclude that Wife's issues two through six are waived.

**CONCLUSION**

In conclusion, the trial court did not abuse its discretion when it distributed the proceeds from the sale of the parties' marital residence and awarded Husband approximately $136,000 and Wife approximately $175,000.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/2021</u>