J-S18031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY TOMASSETTI, EXECUTRIX OF THE ESTATE OF PATRICIA ANN SUAREZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3158 EDA 2022 |
| | : | |
| ROBERT J. SUAREZ, JR., CHRISTINE COLLINS SHUBERT, BANKRUPTCY TRUSTEE OF THE BANKRUPTCY ESTATE OF ROBERT J. SUAREZ | : | |

Appeal from the Order Entered November 15, 2022
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  June Term, 2008 No. 8485

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                        **FILED JULY 25, 2023**

Mary Tomassetti, Executrix of the Estate of Patricia Ann Suarez, appeals from the November 15, 2022 order directing the distribution of proceeds from the court-ordered sale of the parties' former marital residence.  After careful review we affirm.

A panel of this Court in a related appeal[1] summarized the relevant facts of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed, **infra**, in footnotes 2 and 3, Appellant also filed appeals from the trial court's January 14 and March 31, 2022 orders in this matter.

>This matter arises out of a bifurcated divorce and equitable distribution matter. Decedent, Patricia Suarez ("Wife"), and Robert J. Suarez, Jr. ("Husband"), were divorced by decree entered on October 21, 2013. Wife, who had been the plaintiff in the divorce action, died later that same day, and Executrix was substituted as plaintiff in the ongoing equitable distribution matter. Husband filed for bankruptcy and, accordingly, Christine C. Shubert, Bankruptcy Trustee of Husband's bankruptcy estate ("Bankruptcy Trustee"), was added as an additional defendant in the equitable distribution matter.

>On July 15, 2019, the court entered a final order resolving the parties' claims in equitable distribution. Executrix was awarded a 100% interest in the Property, contingent upon payment to Appellees of the sum of $90,000 within 120 days of entry of the order. The order further provided that, should Executrix fail to make the payment within the time specified, the Property would be listed for immediate sale and the proceeds divided evenly between Executrix and Appellees. Husband and Executrix filed cross-appeals from the equitable distribution order. Husband's appeal was dismissed for failure to file a brief; Executrix's cross-appeal was voluntarily discontinued.

>Executrix failed to make the payment to the Appellees as required by the equitable distribution order. Over the next two years, the parties filed numerous petitions and motions before the trial court.

*Tomassetti v. Suarez*, ___ A.3d ___, 2023 WL 2660247 (unpublished memorandum at *1 (footnote omitted)) (Pa.Super. 2023).

On January 14, 2022, the trial court entered an order disposing of multiple pleadings filed by the parties. The January 14, 2002 order provides, *verbatim*, as follows:

The property located at 3725 Ronnald Drive, Philadelphia, PA shall be listed for sale forthwith.

[Bankruptcy Trustee] has the sole authority to execute the sale of the property.

[Bankruptcy Trustee] shall choose the realtor and notify [Executrix] with the full contact information of the realtor.

[Executrix] shall provide the [Bankruptcy Trustee] with keys to the property by 3:00 p.m. on 1/18/22.

[Executrix] shall add [Bankruptcy Trustee] and [Husband] as additional insureds to the insurance policy covering the property.

[Executrix] shall provide evidence that the insurance policy is in full force to the [Bankruptcy Trustee] by 3:00 p.m. [on] 1/20/22. This property policy shall be in full force until the sale of the property.

The lien in the amount of $13,297.42 held by Discover Bank[ ] shall be paid by the [Bankruptcy Trustee].

The amount of $75,549.22[,] plus interest in the amount of $11,332.38[,] shall be paid to the [Bankruptcy Trustee] by 3:00 p.m. on 1/18/22.

Counsel fees as set forth in the order of 8/4/21 shall be paid today. Interest in the amount of $324.75 shall be paid today.

Additional counsel fees requested by [Bankruptcy Trustee's] counsel are denied.

This order addresses all issues pending before the court raised in the following motions:

1. [Bankruptcy Trustee's] second motion for contempt and to enforce distribution of assets, filed on 11/2/21[,] and answer and new matter filed in response thereto[;]

2. [Executrix's] petition to extend the date to obtain compliance by the [Bankruptcy Trustee] of the court['s] decision[s] of 7/15/19 and 8/4/21 to 11/24/21, filed on 9/24/21[;]

3. [Bankruptcy Trustee's] emergency motion for insurance, filed 12/9/21[,] and answer and new matter thereto[; and]

4. [Executrix's] second petition [to] enforce court decision [of] 7/15/19, filed 9/7/21.

Trial Court Order, 1/14/22, at 1-2.[2]

On January 21, 2022, Bankruptcy Trustee filed an emergency contempt motion against Appellant, alleging that she failed to provide keys to the Ronnald Drive property; that she failed to comply with the insurance provision; that she failed to pay pursuant to the July 15, 2019 order; and that she failed to pay counsel fees pursuant to the August 4, 2021 and January 14, 2022 orders. On January 26, 2022, the trial court issued a rule to show cause to address Bankruptcy Trustee's contempt motion and scheduled a hearing for March 16, 2022. On March 15, 2022, Appellant filed an answer to the pending emergency contempt motion.

On March 16, 2022, the trial court conducted an evidentiary hearing. Immediately following the hearing, the trial court entered an order finding

_____

[2] Appellant's appeal from the January 14, 2022 order was docketed at 431 EDA 2022, and the decision of the trial court was affirmed by a panel of this Court on March 28, 2023. **See Tomassetti v. Suarez**, ___ A.3d ___, 2023 WL 2660247 (unpublished memorandum) (Pa.Super. 2023).

Appellant in contempt of the January 14, 2022 order. Specifically, the trial court noted that Appellant failed to: 1) provide Bankruptcy Trustee with the keys to the property; 2) make the required payment of $75,549.22 plus interest; and 3) failed to pay counsel fees as directed. The trial court relisted the matter for a hearing to determine Appellant's ability to pay a monetary sanction for contempt. Following a subsequent hearing on March 31, 2022, the trial court ordered Appellant to pay counsel fees to Bankruptcy Trustee in amount of $17,500.00. The trial court also found Appellant in civil contempt and sentenced her to 60 days' imprisonment with a purge factor of $53,208.08. Appellant was subsequently taken into custody and promptly paid the purge amount that same day.[3]

On August 24, 2022, the Bankruptcy Trustee filed a motion to distribute funds, proposing that the $327,978.61 net proceeds from the August 18, 2022 sale of the Ronnald Drive property be divided equally between the parties as ordered on July 15, 2019, with specific adjustments as set forth in the motion. *See* "Motion to Distribute Funds, 8/24/22 at ¶¶ 18-21. Specifically, the motion alleged additional sums were due to the Bankruptcy Trustee as a result of the following: 1) Appellant owing the difference between $75,549.22 and the $53,208.08 paid on March 31, 2022; 2) $32,500.00 in counsel fees

---

[3] Appellant's appeal from the March 31, 2022 order was docketed at 1004 EDA 2022, and the decision of the trial court was recently affirmed by a panel of this Court on February 22, 2023. *See Tomassetti v. Suarez*, 293 A.3d 631, 2023 WL 2151993 (unpublished memorandum) (Pa.Super. 2023).

pursuant to the trial court's August 4, 2021 and March 31, 2022 orders; and 3) unpaid interest. *Id.* at ¶ 28.

The trial court conducted an evidentiary hearing on this matter on September 21, 2022. That same day, Appellant filed an answer to the Bankruptcy Trustee's motion. Following the hearing, the trial court entered an order on November 15, 2022 denying the Bankruptcy Trustee's requests for rent and additional counsel fees, and ordering "that the net proceeds of sale of the [Ronnald Drive property] be divided $91,799.66 to [Appellant] and the balance to [Bankruptcy Trustee]." Trial court order, 11/15/22.

On December 15, 2022, Appellant filed a timely notice of appeal. On December 16, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely concise statement on January 6, 2023 and the trial court filed its Rule 1925(a) opinion on February 8, 2023.

Appellant raises the following issue for our review:

> Did the [trial] court err by ordering a distribution of the proceeds of sale different from the previous orders of the [trial] court?

Appellant's brief at iii (extraneous capitalization omitted).

Specifically, takes issue with the reduction to her share of the proceeds from the sale of the Ronnald Drive property, based upon the judgment against Patricia Suarez that was paid at settlement. Appellant contends that the November 15, 2022 order improperly "gives [Bankruptcy Trustee]

- 6 -

reimbursement for certain expenses including a judgment against Patricia Suarez in the amount of $7,212.00 from 2015." *Id.* at 6. Appellant avers that "[t]he amount of $91,799.66 should be increased by $3,606.00 (one-half of the $7,212.00 judgment) which should have been divided in accordance with previous orders of the Court." *Id.* at 7.

It is well established that our standard of review is limited and this Court will not reverse an award of equitable distribution absent an abuse of discretion. *Lee v. Lee*, 978 A.2d 380, 382 (Pa.Super. 2009). "In addition, when reviewing the record of the proceedings, we are guided by the fact that trial courts have broad equitable powers to effectuate economic justice[.]" *Id.* (citation omitted). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence" that the trial court misapplied the law or failed to follow proper legal procedure. *Smith v. Smith*, 904 A.2d 15, 18 (Pa.Super. 2006) (citation omitted). "[T]he finder of fact is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." *Lee*, 978 A.2d at 382 (citation omitted). Lastly, we note that "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." *Biese v. Biese*, 979 A.2d 892, 895 (Pa.Super. 2009) (citations omitted).

Upon review, we discern no abuse of discretion on the part of the trial court in reducing the share of Appellant's proceeds from the sale of the

Ronnald Drive property by the amount of the judgment against Decedent-Wife, Patricia Suarez, that was paid at settlement. As recognized by the trial court,

> While pleading denials in her answer to the motion to distribute to the requests by the [Bankruptcy] Trustee for additional costs, unpaid interest, and attorney's fees, Appellant presented no credible evidence to the calculations presented by the [Bankruptcy] Trustee. Appellant now contends that the amounts due alleged by the Trustee are more than Appellant owes.
>
> Appellant failed, however, to present any evidence to this court that challenged the amount due as calculated by the [Bankruptcy] Trustee.

Trial court opinion, 2/8/23 at 13.

Notably, the record reflects that Appellant waived any claims concerning the judgment against Patricia Suarez by failing timely raise this issue at the September 21, 2022 evidentiary hearing nor in her October 11, 2022 "Memorandum in Support of Plaintiff's Answer to Motion to Distribute Funds."

At the September 21, 2022 hearing, the following averments were made with regards to the judgment against Patricia Suarez:

> [Counsel for Bankruptcy Trustee]: And then there was a judgement against Patricia Suarez that was paid at settlement. And Your Honor will recall that at prior arguments in this case there's a judgement against Mr. Suarez and Your Honor made it very clear that that judgement should have been paid by Mr. Suarez. There's no reason that this judgement shouldn't be paid by Mrs. Suarez's side.

Notes of testimony, 9/21/22 at 12-13. Appellant did not lodge any objection to nor challenge these statements.

Moreover, in the October 11, 2022 memorandum, Appellant expressly acknowledged that her proposed order indicated that "the decedent's estate will bear the payoff amounts for any judgments against Patricia Ann Suarez or her estate." Memorandum in Support of Plaintiff's Answer to Motion to Distribute Funds, 10/11/22 at 3.

Rule of Appellate Procedure 302 states, in relevant part, that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover,

> a Rule 1925(b) statement cannot resurrect an otherwise untimely claim or objection. Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance. Pennsylvania law is clear that claims and objections that are not timely made are waived.

**Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009) (citations omitted).

Based on the foregoing, we find that Appellant has waived her claim on appeal and affirm the November 15, 2022 order directing the distribution of proceeds from the sale of the parties' Ronnald Drive property.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2023